STATE EX REL. LUND, Appellant, vs. SERAMUR and others (Board of Fire and Police Commissioners of City of Milwaukee), Respondents.

*January 12—February 8, 1955.*

For the appellant there was a brief and oral argument by *Martin B. Gedlen* of Milwaukee.

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Arthur Saltzstein,* assistant city attorney, and oral argument by *Mr. Saltzstein.*

A brief was filed by *Brooke Tibbs* and *Howard H. Boyle, Jr.,* both of Milwaukee, as *amici curiae.*

BROWN, J.   Appellant Lund is a partially disabled veteran of the military forces of the United States and is presently a sergeant in the police force of the city of Milwaukee. The respondents are citizens of the city and compose the city Board of Fire and Police Commissioners. In that capacity they conducted an examination for the promotion of sergeants to the grade of lieutenant. Appellant took the examination and received a passing grade of 83.41. The respondents added two points to this, raising his grade to 85.41, as a preference due a veteran under the rules of the board. Appellant considered that his standing should have been increased 10 points by reason of the provisions of sec. 62.13 (4) (d), Stats. Such addition would give him priority for promotion over several other candidates. Neither the board nor the trial court considered that sec. 62.13 (4) (d) was applicable to examinations or promotions in the Milwaukee police force, and that is the question presented by this appeal.

The portion of sec. 62.13 (4) (d), Stats., on which appellant relies deals with competitive examinations for promotion in the police and fire departments of cities subject to ch. 62, Stats., and reads:

". . . In the case of veterans, other conditions being equal, a preference shall be given in favor of veterans of any of the

wars of the United States. Preference is defined to mean that whenever an honorably discharged veteran competes in any examination he shall be accorded five points, and if such veteran has a disability which is directly or indirectly traceable to war service, he shall be accorded another five points, in addition to earned ratings therein, except that such preference shall not be granted to any veteran competing in such examination who has not obtained at least a passing grade."

The city of Milwaukee is a city of the first class under special charter. Sec. 62.03 (1), Stats., provides: "The provisions of chapter 62 of the statutes shall not apply to cities of the first class under special charter."

The statute continues: "62.03 (2) Any such city may adopt by ordinance the provisions of chapter 62 of the statutes or any section or sections thereof, which when so adopted shall apply to such city." There has been no such adoption of ch. 62, Stats., or of sec. 62.13 (4) (d), Stats., by the city of Milwaukee.

This express exclusion of Milwaukee from the provisions of ch. 62, Stats., including the part of the chapter on which appellant rests his demand for preference, would seem to dispose of his contentions here but he submits that sec. 62.13 (12), Stats., has modified the exclusion. This declares:

"*Legislative intent.* The provisions of section 62.13 and chapter 589 of the Laws of 1921 and chapter 423, Laws of 1923, and chapter 586 of the Laws of 1911, shall be construed as an enactment of state-wide concern for the purpose of providing a uniform regulation of police and fire departments."

Ch. 589, Laws of 1921, relates to the annuity and benefit funds in cities of the first class for the benefit of policemen employed by such cities. Ch. 423, Laws of 1923, is a similar act relating to firemen. Neither one has anything to do with the present controversy. Ch. 586, Laws of 1911, created a

board of fire and police commissioners in cities of the first class and provided for their duties and those of the chiefs of the police and fire departments. With its subsequent amendments this is the act under which Milwaukee administers its fire and police departments and, particularly, it is the act which authorized the commissioners to adopt the rule which awarded two points to the veteran Lund upon his examination. Appellant interprets sec. 62.13 (12), Stats., as a legislative declaration that, after its enactment, veteran police officers, in Milwaukee as in other cities, shall have the examination preference points named in sec. 62.13 (4) (d).

It is well settled that even in matters of state-wide concern the legislature may classify cities and that uniformity among cities of different classes is not required. *Van Gilder v. Madison* (1936), 222 Wis. 58, 267 N. W. 25, 268 N. W. 108; *State ex rel. Curtis v. Steinkellner* (1945), 247 Wis. 1, 18 N. W. (2d) 355. If appellant's position was sound, not only sub. (4) (d) but all parts of sec. 62.13, Stats., would apply to the police of all cities. Sec. 62.13 (12), on which he relies, was enacted by ch. 193, Laws of 1935, and hence was on the books in 1945 when *State ex rel. Curtis v. Steinkellner, supra,* was decided, yet we find determined there that the provisions of sec. 62.13 (5) (b) and (c), dealing with hearings incident to the suspension of a policeman or fireman, do not apply to the city of Milwaukee. We said (p. 5) :

"Sec. 62.03 (1), Stats., provides that ch. 62, Stats., shall not apply to cities of the first class under special charter. Ch. 586, Laws of 1911, entitled, 'an act to create section 959–46*d* of the statutes, relating to the creation of a board of police and fire commissioners in cities of the first class, providing for the duties thereof and the duties of chiefs of the police and fire departments in such cities,' is plainly applicable to the city of Milwaukee and ch. 62, Stats., is not so applicable."

So, first by the plain words of sec. 62.03, Stats., and again by judicial construction, this controversy over the application of sec. 62.13 to cities of the first class, and consequently to employees of the city, has been resolved against the contentions of appellant. He attempts to meet this by the assertion that *State ex rel. Curtis v. Steinkellner, supra,* is no longer the law because overruled by *Jendrzejewski v. Fire and Police Commissioners* (1950), 257 Wis. 536, 44 N. W. (2d) 270, where, he says, we held that the provisions of sec. 62.13 do apply to cities of the first class. This is not so. Jendrzejewski, a city policeman, was discharged by the chief of police. He appealed to the board of commissioners which sustained the action of the chief and Jendrzejewski took a further appeal to the circuit court. That court reversed the board and ordered his reinstatement and the board appealed to the supreme court. Jendrzejewski contended that such an appeal would not lie. The board argued that ch. 274, Stats., as amended, showed a legislative intent to permit appeals in such matters to be carried to the supreme court. In our search for an indication of the intent of the legislature respecting disciplinary proceedings, we examined the statutes governing appeals from decisions of boards of fire and police commissioners wherever they might be found and ascertained that neither in ch. 586, Laws of 1911 (pertaining expressly to cities of the first class), nor in ch. 62, Stats. (pertaining by its own declaration in sec. 62.03 (1) to other cities), was there any provision for such appeals to go further than the circuit court. We did not say that sec. 62.13 had superseded ch. 586, Laws of 1911, for the government of police forces in cities of the first class. We did not overrule *State ex rel. Curtis v. Steinkellner, supra,* which holds that in such cities ch. 586, Laws of 1911, controls such matters. We did say that neither statute dealing with appeals from the disciplinary orders of boards of fire and police commissioners indicates any legislative intent to permit such an appeal beyond that to

the circuit court. The opinion is not to be read nor the decision to be construed as intimating that by sec. 62.13 (12) the legislature has made the city of Milwaukee subject to the provisions of sec. 62.13. *State ex rel. Curtis v. Steinkellner, supra,* remains our decision on that subject. It follows, then, that the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.