Jᴇɴᴅʀᴢᴇᴊᴇᴡsᴋɪ, Respondent, vs. Bᴏᴀʀᴅ ᴏғ Fɪʀᴇ ᴀɴᴅ Pᴏʟɪᴄᴇ Cᴏᴍᴍɪssɪᴏɴᴇʀs ᴏғ Mɪʟᴡᴀᴜᴋᴇᴇ, Appellant.

*September 7—October 3, 1950.*

Fʀɪᴛᴢ, C. J., dissents.

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Alan H. Steinmetz,* assistant city attorney, and oral argument by *Mr. Steinmetz.*

For the respondent there was a brief by *Sullivan, Wedemeyer & Jennings* of Milwaukee, and oral argument by *Eugene M. Sullivan* and *David V. Jennings, Jr.*

BROADFOOT, J.  The respondent contends that the order of the circuit court for Milwaukee county is final and conclusive, and that the board has no right of appeal therefrom.  He relies primarily upon the provisions of sec. 62.13 (5) (h), Stats., and upon the case of *Clancy v. Fire and Police Commissioners,* 150 Wis. 630, 138 N. W. 109. Said statute reads in part as follows:

"Any person suspended, reduced, suspended and reduced, or removed after investigation may appeal from the order to the circuit court. . . . The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable? . . . If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to his pay as though in continuous service.  If the order of the board is sustained it shall be final and conclusive."

In the *Clancy Case,* Thomas A. Clancy, who was chief of the fire department of the city of Milwaukee, was removed from office by the Board of Fire and Police Commissioners

after trial as provided by sub. 19 of sec. 959–46d, Stats. (ch. 586, Laws of 1911). Upon appeal to the circuit court for Milwaukee county the judgment of removal was reversed and the commissioners appealed to this court from such judgment of reversal. Sub. 22, sec. 1, ch. 586, Laws of 1911, provides (as does sec. 62.13 (5) (h)) that if the decision of the board is reversed by the circuit court the discharged man shall be at once reinstated in his position and entitled to his pay as if never discharged, and that if the decision of the board be sustained the order of discharge shall be final and conclusive in all cases. In the *Clancy Case* the court construed the statute to mean that the commissioners had no right to appeal and that the proceedings terminated with the decision of the circuit court.

The board contends: (1) That sec. 62.13 (5) (h), Stats., does not apply to cities of the first class by virtue of sec. 62.03, and (2) that ch. 274, Stats., and in particular secs. 274.09, 274.10, 274.11, and 274.33 have been so amended that an appeal now lies and that under the present statutes the decision in the *Clancy Case* is no longer effective.

The board argues that amendments to ch. 274, Stats., show a legislative intent to permit appeals from or reviews of proceedings of tribunals, boards, and commissions and from orders rendered therein, either in actions or in special proceedings. It cites the cases of *Gymnastic Association v. Milwaukee,* 129 Wis. 429, 109 N. W. 109, and *State ex rel. Thompson v. Beloit City School Dist.* 215 Wis. 409, 253 N. W. 598. These cases direct attention to two well-recognized rules of statutory construction. First, that repeals by implication are not favored; and second, that a law dealing with a special subject will not usually be affected by a general law dealing with the same subject matter even though the general law is subsequently enacted. In both of the cases cited the court held that later general enactments did supersede earlier special acts, but found from the language of the later acts reasonably apparent legislative intent to do so.

In applying the rules to the present statutes involved a different result is reached. Ch. 274, Stats., deals with appeals generally while ch. 586, Laws of 1911, and sec. 62.13 (5) (h) deal only with appeals from decisions of boards of fire and police commissioners. The legislative intent is clearly shown by two sections of the statutes, neither of which was cited by either party. These statutes read as follows:

"62.13 (12) *Legislative intent.* The provisions of section 62.13 and chapter 589 of the Laws of 1921 and chapter 423, Laws of 1923, and chapter 586 of the Laws of 1911, shall be construed as an enactment of state-wide concern for the purpose of providing a uniform regulation of police and fire departments."

"66.01 (15) The provisions of section 62.13 and chapter 589 of the Laws of 1921 and chapter 423, Laws of 1923, and chapter 586 of the Laws of 1911, shall be construed as an enactment of state-wide concern for the purpose of providing a uniform regulation of police and fire departments."

The legislature emphasized its intent by inserting identical subdivisions in two chapters of the statutes. It could hardly be more emphatic. The provisions of ch. 586, Laws of 1911, and of sec. 62.13 (5) (h), Stats., relating to appeals are identical in substance and provide only for a limited review of the disciplinary orders of boards of fire and police commissioners. A complete review, such as is provided from the determinations of most tribunals, boards, and commissions, is not provided for. Every provision of the law indicates a legislative intent to make the entire proceeding as speedy as possible and that the order of the circuit court upon the reasonableness of the determination of the commissioners be final and conclusive.

It follows, therefore, that in this case no appeal to this court is authorized and this court is without jurisdiction to pass upon the other questions attempted to be raised by the board.

*By the Court.*—Appeal dismissed.

FRITZ, C. J., dissents.