STATE EX REL. KACZKOWSKI, Appellant, v. FIRE & POLICE COMMISSIONERS OF CITY OF MILWAUKEE, Respondent. STATE EX REL. NIEDZIEJKO, Appellant, v. SAME, Respondent.*

*January 2—January 31, 1967.*

* Motion for rehearing denied, without costs, on April 11, 1967.

For the appellants there were briefs and oral argument by *Louis J. Ceci* of Milwaukee.

For the respondent there were briefs by *John J. Fleming,* city attorney, and *George A. Bowman, Jr.,* assistant city attorney, and oral argument by *Mr. Bowman.*

BEILFUSS, J.   Subsequent to filing of the notice of appeal the respondent, Board of Fire and Police Commissioners, filed a motion to dismiss these appeals upon two grounds—(1) that the supreme court is without jurisdiction to hear the appeal, and (2) that the petition for writ of certiorari contains no issues of law to be decided. Although the motion to dismiss the appeals was denied, we deem it advisable to reexamine the question of jurisdiction.

By means of ch. 586, Laws of 1911 (part of ch. 29, Milwaukee city charter), the legislature provided for the duties and powers of the Board of Fire and Police Commissioners in cities of the first class. This chapter has remained in force substantially unchanged since passage. Pertinent to these cases is sec. 1, subs. 20, 21, 22, and 23, which provide:

"20. Any officer or member of either department discharged, suspended, or reduced, may within ten days after the decision and findings hereinbefore provided for are filed with the secretary of said board, bring an action in the circuit court of the county in which said city is located to review said order; said action shall be begun by the serving of a notice on the secretary of said board making such order and the city attorney of such city, which notice may be in the following or similar form:
". . .

"21. Upon the service of said demand the board upon whom said service was made shall within five days thereafter certify to the clerk of the circuit court of said county all charges, testimony, and everything relative to the trial and discharge, suspension, or reduction in rank of said member. Upon the filing of said return with the clerk of said court, said actions for review shall be deemed at issue and shall have precedence over any other cause of a different nature pending in said court, and said court shall be considered always open for the trial thereof, and upon the application of the discharged member or the board, the court shall fix a date for the trial thereof which shall not be later than fifteen days from and after the date of such application except upon agreement between the board and such discharged or suspended member. Such action shall be tried by the court without a jury and shall be tried upon the return made by said board. In determining the question of fact presented, the court shall be limited in the review thereof to the question: 'Under the evidence was the decision of the board reasonable?' The court shall have the right to require further and additional return to be made by the board of fire and police commissioners, and may also require such board to take further and additional testimony and make return thereof.

"22. No costs shall be allowed in said action to either party and the clerks' fees shall be paid by the city in which said department is located. If the decision of such board is reversed, the discharged or suspended member shall forthwith be reinstated in his former position in the said department and shall be entitled to his pay the same as if he had not been discharged or suspended. If the decision of the board is sustained the order of discharge, suspension, or reduction shall be final and conclusive in all cases.

"23. The chief engineer of the fire department and the chief of police of said cities, shall be the head of their respective departments and shall have power to regulate said departments and prescribe rules for the government of its members. The chief of police shall cause the public peace to be preserved and see that all laws and ordinances of the city are enforced. He shall be responsible for the efficiency and general good conduct of the department under his control. Each of said chiefs shall have the custody and control of all public property pertaining to said departments and everything connected therewith and belonging thereto. They shall have the custody and control of all books, records, machines, tools, implements, and apparatus of every kind whatsoever necessary for use in each of said departments."

The petitioners contend that certiorari should lie to upset the action of the Board of Fire and Police Commissioners upon the following grounds:

(1) The board did not act according to law in permitting the use of testimony obtained under threat of discharge and testimony obtained during a polygraph examination.

(2) Records or testimony of a secret John Doe investigation were revealed contrary to sec. 954.025, Stats.

(3) Persons other than the district attorney in a criminal prosecution used the records and testimony taken in a secret John Doe investigation.

Even if the petitioners' three main contentions find basis in the record, there is a serious question of the jurisdiction of the courts to further review the petition-

ers' discharge by way of certiorari. In ch. 586, Laws of 1911, the legislature provided an expeditious method of review of discharge orders by the Milwaukee Board of Fire and Police Commissioners. Sec. 1, sub. 22 of that chapter provides for the finality of the circuit court review of a discharge order:

". . . If the decision of the board is sustained the order of discharge, suspension, or reduction *shall be final and conclusive in all cases.*" (Emphasis supplied.)

In *Clancy v. Fire and Police Commissioners* (1912), 150 Wis. 630, 138 N. W. 109, the appellants contended that they had a right to appeal from the judgment of the circuit court reviewing the board's order in a discharge case. The appellants were confronted with a motion to dismiss, and, while contesting that motion, moved this court for issuance of a writ of certiorari directed to the circuit court for the purpose of reviewing the judgment. This court dismissed the appeal and denied the motion for issuance of certiorari on the ground that the legislative intent of ch. 586 was that the proceeding should be finally closed with the decision of the circuit court. In so deciding the court held that the review procedure provided by the legislature was intended to perform the function of a writ of certiorari where the writ is directed to review the action of a tribunal of this nature. Therefore certiorari would not lie because the review procedure provided in ch. 586 is exclusive and conclusive. At page 634 the court stated:

"Subsec. 22 provides that if the decision of the board is reversed by the court the discharged man shall be *at once reinstated* in his position and entitled to his pay as if never discharged, and that if the decision of the board be sustained the order of discharge shall be *final and conclusive* in all cases.

"The purpose to absolutely terminate the proceeding with the decision of the circuit court seems here very certain.

"Doubtless the probable demoralizing effect on the public service of long-drawn-out proceedings, during which time no permanent appointment could be made, was fully appreciated. Every clause of the law indicates the intention to make the entire proceeding as speedy as possible and yet give the accused person the right to fully make his defense, and in view of the very significant provisions of the section last cited we entertain no doubt that the statute means, and was intended to mean, that the proceeding should be finally closed by the decision of the circuit court. It follows that the appeal will be dismissed."

The court further states, at pages 636, 637:

"In substance this appeal was intended to perform the functions of a writ of *certiorari* in a case where the writ is directed to a tribunal of this nature, namely, to review the evidence to ascertain only whether there was reasonable ground for the decision made. *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048. It is a method provided by statute by which the power of superintending control which is vested in the circuit courts by the constitution is to be exercised.

"The constitution (art. VII, sec. 8) provides that the circuit courts shall have a supervisory control over all inferior courts and tribunals and shall have power 'to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari, and all other writs* necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions.'

"While no formal writ issues in the present case and the proceeding is termed an appeal, it accomplishes the same result as though it had been commenced by the issuance of the ancient writ, and there can be no doubt of the legislative power to reach the desired end by procedure termed an appeal as well as by an original common-law writ. It is true that by the last clause of subsec. 21 it is provided that the court may require the board to make a further return and also 'to take further and additional testimony and make return thereof.' The appellants claim that this clause authorizes the circuit court to try and decide the case on testimony which has never been considered by the board, and thus that in such cases the court is au-

thorized to pass *de novo* upon the question as to whether the accused is guilty or not.

"We do not so construe the clause in question. . . ."

The *Clancy Case* is cited and followed in *Jendrzejewski v. Fire and Police Commissioners* (1950), 257 Wis. 536, 44 N. W. (2d) 270. In *Jendrzejewski* the matter did not come to the court by certiorari but by an appeal from an order of the circuit court. However, the court did state at pages 538, 539:

". . . In the *Clancy Case* the court construed the statute to mean that the commissioners had no right to appeal and that the proceedings terminated with the decision of the circuit court. . . .

". . . The provisions of ch. 586, Laws of 1911, and of sec. 62.13 (5) (h), Stats., relating to appeals are identical in substance and provide only for a limited review of the disciplinary orders of boards of fire and police commissioners. A complete review, such as is provided from the determinations of most tribunals, boards, and commissions, is not provided for. Every provision of the law indicates a legislative intent to make the entire proceeding as speedy as possible, and that the order of the circuit court upon the reasonableness of the determination of the commissioners be final and conclusive."

While *Clancy* specifically and *Jendrzejewski* inferentially hold that certiorari is not available to review the actions of a fire and police commission in this court, two cases involving the demotion of a police captain by the fire and police commission of the city of Janesville indicate that certiorari is a proper remedy to review the action of the board upon the ground that it acted without authority of law or committed other jurisdictional error. These cases are: *Petition of Heffernan* (1943), 244 Wis. 104, 11 N. W. (2d) 680; and *State ex rel. Heffernan v. Board* (1945), 247 Wis. 77, 18 N. W. (2d) 461.

In *Petition of Heffernan, supra,* the police officer made an application to this court for leave to commence an original action for a writ of mandamus to compel the

circuit court to consider and decide questions of jurisdictional error raised by the petitioner on his appeal to the circuit court under sec. 62.13 (5) (h), Stats. 1941, from an order of the fire and police commission. Sec. 62.13 (5) (h) was substantially similar to sec. 1, subs. 20, 21 and 22, ch. 586, Laws of 1911, except that it ends with the words "final and conclusive" rather than "final and conclusive in all cases." The court held that the only issue to be determined by the circuit court was whether upon the evidence the order of the board was reasonable and denied the application for the writ of mandamus.

The court, however, went on to advise that certiorari was available as an exercise of the superintending control over inferior courts and "jurisdictions" vested in the circuit court by sec. 8, art. VII, Const. At page 108 in *Petition of Heffernan, supra,* it is stated:

". . . However, even though there is no such express provision in a statute authorizing an appeal for the judicial review of such an order on other grounds, and even if in such statute it is expressly provided that the appeal thereby authorized shall be the exclusive remedy for a party aggrieved by the order, such party may be granted relief on the grounds that the board acted without authority of law or committed other jurisdictional error rendering its proceedings void when those matters are duly presented to a court of competent jurisdiction in a proceeding which is proper for that purpose. *Lamasco Realty Co. v. Milwaukee,* 242 Wis. 357, 394–396, 8 N. W. (2d) 372, 8 N. W. (2d) 865."

*Petition of Heffernan, supra,* finds support for this statement in *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 8 N. W. (2d) 372, 8 N. W. (2d) 865, and in *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 133 N. W. 209, the court states at page 359:

". . . the decision of such a board may be made conclusive when the board is acting within its jurisdiction, not otherwise. Hence the question of its jurisdiction is one always open to the courts for review; it cannot itself

conclusively settle that question and thus endow itself with power. If no appeal from its conclusions be provided, the question whether it has acted within or exceeded its jurisdiction is always open to the examination and decision of the proper court by writ of *certiorari.* . . ."

The *Lamasco Case, supra,* at pages 394–396, is authority for the proposition that where the scope of an exclusive statutory review of the action of a board or commission is limited, the courts may entertain questions of jurisdiction which could not be raised by way of the exclusive statutory review.

Taken together, *Heffernan, Lamasco* and *Borgnis* stand for the principle that:

Where the legislature provides for a final and conclusive judicial review of the action of a board, commission or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature.

*State ex rel. Ball v. McPhee* (1959), 6 Wis. (2d) 190, 199, 94 N. W. (2d) 711, dealt with the scope of review in certiorari from an order of the Wisconsin Board of Regents of State Colleges discharging a teacher. The statute in question (sec. 37.31 (1)) provided that the "action and decision of the board in the matter shall be final." The court held that the action of the board was subject to review by certiorari and that the review was limited to the following:

" '. . . (1) Whether the board kept within its jurisdiction; (2) whether it proceeded on correct theory of the law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.' " [1]

---

[1] Also see *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. (2d) 243, 111 N. W. (2d) 198; and *State ex rel. Gudlin v. Civil Service Comm.* (1965), 27 Wis. (2d) 77, 133 N. W. (2d) 799.

The *Ball Case,* and the *Wasilewski* and *Gudlin Cases* cited in footnote 1 all stand for the rule that where there are no statutory provisions for judicial review the action of a board or commission may be reviewed by way of certiorari.

Whether alleged error by a nonjudicial body is "jurisdictional" or "not according to law" so that it may be reviewed by "certiorari" depends in part on whether the error could be challenged by way of an exclusive review procedure provided by the legislature.

As set forth above, sec. 1, subs. 20, 21, 22 and 23, ch. 586, Laws of 1911, does provide for judicial review to the circuit court. However, "the court shall be limited in the review thereof to the question: 'Under the evidence was the decision of the board reasonable?' "

The last two enumerated criteria for review in certiorari set forth in the *Ball Case, supra,* namely, "whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment;" and "whether the evidence was such that it might reasonably make the order or determination in question" are encompassed by the standard of judicial review provided in ch. 586, Laws of 1911, namely, "Under the evidence was the decision of the board reasonable?" As to these two elements judicial review has been provided and they should not be subjected to a double review by means of certiorari.

The first two elements of review in certiorari as set forth in *Ball,* namely, "whether the board kept within its jurisdiction" and "whether it proceeded on correct theory of the law" are not necessarily encompassed within the standard "Under the evidence was the decision of the board reasonable?" The legislature, then, did not provide judicial review for these two elements. Conceivably a board could act beyond its jurisdiction and it could proceed upon an incorrect theory of the law. In those instances judicial review should be available by means of a writ of certiorari. We hold, therefore, that certiorari is available to review orders of the board of fire and police

commissions under ch. 586, Laws of 1911,[2] when it is alleged that the board acted beyond its jurisdiction or that it proceeded upon an incorrect theory of the law.

The question remains, does the petitioner allege that the board did not keep within its jurisdiction or that the board did not act according to law?

In both cases the petitioners state the issues to be:

"I. Did the Board of Fire and Police Commissioners of the City of Milwaukee act according to law in permitting the introduction of testimony obtained by coercion under threat of discharge and during a polygraph examination?

"II. Is the revelation of the records or testimony, or a summary thereof, in a secret John Doe proceeding contrary to Section 954.025, Wis. Stats., and therefore unlawful?

"III. Can the records of and testimony taken in a secret John Doe proceeding be used by anyone except the District Attorney in a criminal proceeding?"

The petitioners' contentions do not allege that the board acted beyond its jurisdiction but do allege that it did not act according to law.

An examination of the lengthy records in both cases does not sustain any of the contentions made by the petitioners.

Both officers were ordered by the chief of police to submit to a polygraph examination and threatened with discharge if they failed to do so. Both officers presented themselves for the polygraph examination. Before the polygraph examination, the interrogator, Mr. Joseph Wilimovsky, Jr., assistant superintendent of the Wisconsin State Crime Laboratory, conducted a preexamination interview. The petitioners were interviewed in the presence of their two attorneys, Mr. Ceci and Mr. Fritschler, and given an opportunity to and did consult privately with these attorneys. They were also advised that re-

---

[2] This rule will apply with equal force to all police and fire departments. See sec. 62.13 (12), Stats., and appeal of *Jendrzejewski* (1950), 257 Wis. 536, 44 N. W. (2d) 270.

gardless of the order of the chief of police they could consult with the attorneys relative to the examination. At the hearing before the board, Mr. Wilimovsky was permitted, over objection, to testify as to admissions against interest made by the petitioners; he was not permitted to testify to or give his opinion as to the results of the polygraph examination. The admissions were properly received by the board—this was not contrary to law.

Petitioners' contention that records of a secret statutory John Doe investigation were revealed contrary to sec. 954.025, Stats., likewise has no merit. The record reveals that it was the petitioners, through their attorneys, who demanded and subpoenaed records of the John Doe investigation as a part of or to be used in their defense. This was done over the objection of counsel for the board. It is basic that a litigant cannot claim prejudicial error when the board granted his own request to obtain documents he claimed were necessary for his defense even though the John Doe magistrate might have violated sec. 954.025, Stats., in releasing them.

The petitioners' final contention is that persons other than the district attorney used the records and testimony taken in a secret John Doe investigation contrary to sec. 954.025 Stats.

In *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. (2d) 392, 126 N. W. (2d) 96, a petition for writ of prohibition brought by these same two petitioners, it was held that a magistrate in a John Doe hearing declared to be a secret hearing was prohibited from revealing the record, the testimony, or summary thereof to any person other than the district attorney, except as it was used in a preliminary hearing or a trial in a criminal action. It appears that in June, 1963, the magistrate did advise the chief of police by letter that witnesses had testified that both petitioners had accepted cash from individuals engaged in the field of prostitution and that both petitioners refused to testify upon the ground of self-incrimination.

The *Niedziejko v. Coffey Case, supra,* decided in 1964, did not reach back to June, 1963. The opinion states at page 402:

"It appears from the record that some of the threatened acts were in fact performed prior to the date that petitioners applied for the writs. The trial court was correct in stating that prohibition will not lie against those acts."

The petitioners argue that the investigation by the chief of police and police board was initiated by the communication from the John Doe magistrate and that the "tainted fruit" doctrine then permeated the whole investigation. This argument would require us to assume that the conduct of these officers would not have otherwise come to the attention of the chief of police. This we cannot do; in certiorari we review only the record before us. The record before the board reveals ample credible and admissible evidence from independent sources, including the testimony of the petitioners themselves to the effect that they did accept cash and liquor from a person they knew to be known as one engaged in prostitution.

The Board of Fire and Police Commissioners did act according to law in conducting the hearing and in reaching their findings.

Although we hold that errors of jurisdiction and errors of law by a fire and police commission can be reviewed by a writ of certiorari, we wish to point out that this remedy should be used sparingly and only when those errors clearly appear.

For the reasons enunciated in the *Clancy* and *Jendrzejewski Cases* cited above, the legislature intended that judicial review should be limited and prompt. The instant cases are an illustration of a frustration of that purpose. The petitioners' status as police officers has been in doubt and in litigation since August of 1963, a period of approximately three and one-half years. The hearing before the fire and police commission was con-

ducted, in the main, by Judge Swietlik, a former circuit judge and law school dean and presently an evidence professor. The record reveals that rules of evidence were scrupulously observed, a standard not required in most board hearings, and that petitioners were afforded all of the "fair-play" safeguards. The statutory appeals were heard by three able and experienced judges who thoroughly explored and considered the board's record. The records were again reviewed by able trial judges upon a motion for rehearing in these certiorari proceedings. All were of the opinion that the petitioners were afforded a fair hearing and that the evidence amply sustained a finding of misconduct which warranted discharge. We agree completely.

*By the Court.*—Judgments affirmed.

Hanley, J., took no part.

The following memorandum was filed April 11, 1967.

Per Curiam *(on motion for rehearing).* Petitioners, in their briefs in support of their motion for rehearing, contend that the admission into evidence at the hearing before the board of admissions made by them at the State Crime Laboratory interview preceding the taking of the polygraph tests violated their constitutional rights. This contention is grounded on the assertion that their admissions were induced by the threat of the chief of police that they would be discharged if they failed to answer Mr. Wilimovsky's questions.

Our review of the record negates this assertion. The police chief's threat was limited to the taking of the polygraph examination and did not encompass the preexamination interview. Not only did this interview take place in the presence of petitioners' attorneys, Ceci and Fritschler, and after consultation with them, but Wilimovsky specifically informed them of their constitutional right

not to answer the questions to be propounded. We find that petitioners clearly understood that it was voluntary on their part whether or not they participated in the preexamination interview. In other words petitioners had the free choice of either taking the polygraph examination with or without this preexamination interview and they chose the former.

Petitioners place reliance upon the two recent cases of *Garrity v. New Jersey* (1967), 385 U. S. 493, 87 Sup. Ct. 616, 17 L. Ed. (2d) 562, and *Spevack v. Klein* (1967), 385 U. S. 511, 87 Sup. Ct. 625, 17 L. Ed. (2d) 574. We deem neither to be controlling here. *Garrity* is concerned with the use of admissions *in a criminal prosecution* which were induced by threat of discharge. *Spevack* held that the failure of a lawyer to produce certain of his records pursuant to a *subpoena duces tecum* could not be the basis of disbarment because he had the right to refuse to produce the records on the ground that they might incriminate him. Significantly, footnote 3, of the *Spevack* opinion states:

"Whether a policeman, who invokes the privilege when his conduct as a police officer is questioned in disciplinary proceedings, may be discharged for refusing to testify is a question we do not reach."

The motion for rehearing is denied without costs.