In the MATTER OF Phillip OWENS:
Phillip OWENS, Plaintiff-Appellant,

v.

BOARD OF POLICE & FIRE COMMISSIONERS OF THE
CITY OF BELOIT, Defendant-Respondent.

STATE EX REL. Phillip OWENS, Petitioner-Appellant,

v.

BOARD OF POLICE & FIRE COMMISSIONERS OF THE
CITY OF BELOIT, Respondent.

Court of Appeals

*Nos. 83–1600, 83–1601. Submitted on briefs December 6, 1984.—
Decided December 20, 1984.*
(Also reported in 362 N.W.2d 171.)

For the plaintiff-appellant and petitioner-appellant the cause was submitted on the briefs of *Robert J. Ruth* and *Louis X. Mineau,* and *Bolgrien, Ruth & Rentz, S.C.* of Beloit.

For the defendant-respondent and respondent the cause was submitted on the brief of *Daniel T. Kelley* and *Hansen, Eggers, Berres, Kelley & Blakely, S.C.* of Beloit.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Owens appeals from a judgment of the trial court affirming the order of the Beloit Board of Police and Fire Commissioners dismissing him from the Beloit Police Department.  Because we conclude that the standard of proof required for police disciplinary hearings is a preponderance of the evidence and that certiorari review of circuit court decisions concerning police and fire department disciplinary action hearings is limited to whether a board exceeded its jurisdiction or used an incorrect theory of law, we affirm.

After hearings, the Beloit Board of Police and Fire Commissioners determined that appellant had engaged in overt sexual activity toward females while on duty.  It concluded that the behavior violated police department rules, and dismissed him.  Owens petitioned the circuit court for a writ of certiorari and appealed this decision to the circuit court pursuant to sec. 62.13 (5) (i), Stats.

*Scope of Authority to Review Trial Court Decision*

Section 62.13 (5) (i), Stats., provides in part:

Any person . . . removed by the board may appeal from the order of the board to the circuit court . . . . The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable? . . . If the order of the board is sustained it shall be final and conclusive.

The court discussed the scope of appeal under this section in *State ex rel. Enk v. Mentkowski,* 76 Wis. 2d 565, 571, 252 N.W.2d 28, 30–31, (1977), and said:

> *In State ex rel. Kaczkowski, supra,* the court made clear that two exclusive avenues of review of the determinations of a fire and police commission exist. These determinations may be reviewed by the appeal procedures provided by the legislature or by means of a writ of certiorari. The court noted that appeal procedure under sec. 62.13(5)(i) is exclusive and conclusive . . . .

The court in *State ex rel. Kaczkowski* further noted that:

> "Where the legislature provides for a final and conclusive judicial review of the action of a board, commission or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature." 33 Wis. 2d at 500, 148 N.W.2d at 50.

In *State ex rel. Smits v. City of De Pere,* 104 Wis. 2d 26, 31–32, 310 N.W.2d 607, 609 (1981), the court said:

> The general scope of review pursuant to the writ of certiorari is limited to whether a board: (1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence. . . . Because sec. 62.13(5)(i) provides for review based on the issue of reasonableness, the potential for overlap narrows our scope of review even further. . . . Thus we appropriately confine our review in this case to questions of excess of jurisdiction and incorrect theory of law. [Citations omitted.]

Since the decision of the circuit court in the sec. 62.13 (5), Stats., appeal is final, we confine our review to whether the board acted in excess of its jurisdiction or proceeded under an incorrect theory of law. We will not review appellant's claims that the board and the City of

Beloit failed to follow the board's rules regarding the investigation of a police officer, that the board erred in refusing to hear appellant's motions to suppress evidence, in ruling on admissibility of evidence, and in its use of the hearsay rule because those issues are non-appealable.

### Burden of Proof

Appellant contends that the board should have required proof of his guilt beyond a reasonable doubt, since he was accused of a crime and the hearing was an adjudication of his guilt or innocence. He also argues that minimal due process required at least the middle burden of proof.

In *Burg v. Miniature Precision Components,* 111 Wis. 2d 1, 12, 330 N.W.2d 192, 198 (1983), the court said, "whether a party has met its burden of establishing a prima facie case is a question of law which this court may examine independently without giving deference to the trial court's conclusions." (Citation omitted.)

Appellant was dismissed by the board pursuant to its general powers under ch. 62, Stats., which are given to cities "to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof," sec. 62.04, and specifically under sec. 62.13, which "shall be construed as an enactment of statewide concern for the purpose of providing a uniform regulation of police and fire departments." Section 62.13 governs police and fire departments and sets guidelines for disciplinary actions. Nothing in ch. 62 gives cities the power to adjudicate guilt or innocence of crimes or to impose criminal penalties on offenders. In *Layton School of Art & Design v. WERC,* 82 Wis. 2d 324, 337, 262 N.W.2d 218, 224 (1978), the court said: "Section 939.73, Stats., provides that '[a] penalty for the *commission* of

a crime may be imposed only after the actor has been duly *convicted* in a court of competent jurisdiction.' " (Emphasis in original.) In *State ex rel. Richey v. Neenah Police & F. Comm.*, 48 Wis. 2d 575, 580–81, 180 N.W.2d 743, 746 (1970), the court said:

Sec. 62.13(5), Stats., provides procedural steps to be followed in proceedings against a member of a municipal police department. This subsection clearly embodies the "substantial elements" of a common-law hearing set out above, by providing for the filing of a written formal charge by the chief of police, the Board or a member thereof, or by an elector; a public hearing at which the officer may be represented by counsel and may subpoena witnesses; and an appeal to the circuit court. The procedure outlined in this subsection has been held by this court to meet the requirements of due process.

Appellant cites *Madison v. Geier*, 27 Wis. 2d 687, 692, 135 N.W.2d 761, 763 (1965), for the proposition that the middle standard of proof, clear, satisfactory and convincing evidence, is applicable to civil actions involving criminal acts. *Geier* addresses the burden of proof required in civil forfeiture actions in circuit court where criminal conduct is alleged.

A sec. 62.13(5), Stats., hearing before a police or fire commission is not a civil forfeiture action in circuit court but an administrative disciplinary hearing. In *Layton*, 82 Wis. 2d at 357, 262 N.W.2d at 234, the court said, "we do not believe that as a matter of constitutional law an administrative body need always accord the full panoply of protections due the criminal accused before it can impose regulatory or remedial sanctions upon conduct also, and incidentally, subject to criminal punishment." The purpose of the Beloit Police and Fire Commission order was to protect the public from appellant,

not to punish him. We conclude that appellant's hearing was not an adjudication of his guilt or innocence.

The *Layton* court addressed the question of the amount of process that was due in an administrative hearing because appellant claimed that the burden of proof should have been higher than was afforded in his case. The court held that the Wisconsin legislature had declared the public policy by setting the standard, and "we believe it is sufficient to hold that the legislative standard prescribed here does not violate the concepts of fair play and substantial justice embodied in the due process requirements of the state and federal constitutions." *Id.* at 363, 262 N.W.2d at 236.

Section 62.50(17), Stats., requires the members of police and fire boards in cities of the first class[1] to "determine whether by a preponderance of evidence the charges are sustained" in disciplinary actions. Section 62.50(17) is part of subchapter II of ch. 62. Subchapter II is a substantial body of law pertaining only to cities of the first class. The statutes pertaining generally to police and fire department disciplinary actions are silent as to the standard to be used by boards in cities of 4,000 population, or more.[2] Had the legislature

---

[1] Section 62.05(1), Stats., divides cities into four classes for administrative purposes, as follows:

(a) Cities of one hundred and fifty thousand population and over shall constitute cities of the first class.

(b) Cities of thirty-nine thousand and less than one hundred and fifty thousand population shall constitute cities of the second class.

(c) Cities of ten thousand and less than thirty-nine thousand population shall constitute cities of the third class.

(d) Cities of less than ten thousand population shall constitute cities of the fourth class.

[2] Section 62.13(2), Stats., allows police and fire departments in cities of less than 4,000 to be excepted from the requirements of sec. 62.13, Stats.

intended a higher burden of proof to be applicable to cities of 4,000 population or more, it could have made that requirement a part of sec. 62.13(5). We cannot conclude from the legislature's silence that it intended a different standard to apply to cities of the first class than to cities of the second, third and fourth class.

Appellant was represented by counsel at a public hearing, had the opportunity to subpoena witnesses, the charges against him were proved by a preponderance of the evidence, and he appealed to circuit court. He received due process. The trial court did not err in affirming the order of the board.

*By the Court.*—Judgment affirmed.