IN RE: DISCIPLINARY CHARGES AGAINST Police Chief Michael YOUNGLOVE:

Michael YOUNGLOVE, Petitioner-Appellant,†

v.

CITY OF OAK CREEK FIRE AND POLICE COMMISSION, Respondent-Respondent.

Court of Appeals

*No. 97–1522–FT. Submitted on briefs January 8, 1998.—Decided March 31, 1998.*

(Also reported in 579 N.W.2d 294.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Franklyn M. Gimbel* and

*Kathryn A. Keppel* of *Gimbel, Reilly, Guerin & Brown*, of Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Lawrence J. Haskin*, city attorney, of Oak Creek.

Before Wedemeyer, P.J., Fine and Curley, JJ.

FINE, J.   The Oak Creek Police and Fire Commission discharged Michael Younglove from his job as Oak Creek chief of police.[1] Younglove appealed his discharge to the circuit court pursuant § 62.13(5)(i), STATS. The circuit court affirmed. Younglove appeals. We dismiss the appeal.

Section 62.13(5)(i), STATS., provides that any person disciplined or discharged from his or her position by a board of police and fire commissioners "may appeal from the order of the board to the circuit court." As material to Younglove's appeal to this court, § 62.13(5)(i) further provides:

> The trial [on the appeal to the circuit court] shall be by the [circuit] court and upon the return of the board, except that the [circuit] court may require further return or the taking and return of further evidence by the board. The question to be determined by the [circuit] court shall be: Upon the evidence is there just cause, as described under par. (em) [of § 62.13(5), STATS.], to sustain the charges against the accused? No costs shall be allowed either party and the clerk's fees shall be paid by the

---

[1] With an exception not relevant here, "each city shall have a board of police and fire commissioners." Section 62.13(1), STATS. The board appoints the city's chief of police, who holds office "during good behavior, subject to suspension or removal by the board for cause." Section 62.13(3), STATS.

city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to pay as though in continuous service. *If the order of the board is sustained it shall be final and conclusive.*

(Emphasis added.) The circuit court sustained the order of the Oak Creek Board of Police and Fire Commissioners discharging Younglove. Accordingly, the Board's order is, by statute, "final and conclusive," and we have no jurisdiction over Younglove's appeal to this court. *See Jendrzejewski v. Board of Fire & Police Comm'rs*, 257 Wis. 536, 44 N.W.2d 270 (1950); *Owens v. Board of Police & Fire Comm'rs*, 122 Wis. 2d 449, 451–452, 362 N.W.2d 171, 173 (Ct. App. 1984).[2] Younglove asks that we nevertheless exercise our supervisory powers to decide a question that he characterizes as *publici juris*—the standard of review to be applied by the circuit court in an appeal from a board of police and fire commissioners under § 62.13(5)(i). He argues that the circuit court erred in deferring to the Board on credibility issues. According to Younglove, the trial before the circuit court under § 62.13(5)(i) should have been *de novo*. The dissent assumes that this is true. For the reasons stated in Part II of this opinion, we disagree.

---

[2] Although Younglove could have also sought review of the Board's order *via certiorari, see State ex rel. Kaczkowski v. Board of Fire & Police Comm'rs*, 33 Wis. 2d 488, 500, 148 N.W.2d 44, 50 (1967); *Owens v. Board of Police & Fire Comm'rs*, 122 Wis. 2d 449, 451, 362 N.W.2d 171, 172 (Ct. App. 1984), he did not.

# I.

■

We may not exercise our supervisory authority over a circuit court unless we have jurisdiction over the specific matter in dispute. *See State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 90–97, 394 N.W.2d 732, 733–736 (1986) (court of appeals does not have original jurisdiction to issue writ of mandamus against Elections Board). Article VII, § 5(3) of the Wisconsin Constitution gives to this court "jurisdiction" "as the legislature may provide by law."[3] Although we have general "supervisory authority over all actions and proceedings in the courts" in our district, WIS. CONST. art. VII, § 5(3); *see also* § 752.02, STATS. ("The court of appeals has supervisory authority over all actions and proceedings in all courts except the supreme court."), the legislature has explicitly deprived appellate courts of jurisdiction to review orders issued by the circuit court under § 62.13(5)(i) and its predecessors.[4] A spe-

---

[3] Article VII, § 5(3) of the Wisconsin Constitution provides in full:

> The appeals court shall have such appellate jurisdiction in the district, including jurisdiction to review administrative proceedings, as the legislature may provide .by law, but shall have no original jurisdiction other than by prerogative writ. The appeals court may issue all writs necessary in aid of its jurisdiction and shall have supervisory authority over all actions and proceedings in the courts in the district.

[4] The legislature is presumed to know how courts have interpreted a statute, and we should not alter our construction unless the legislature overrules that interpretation by amending the law. *Reiter v. Dyken*, 95 Wis. 2d 461, 471, 290 N.W.2d 510, 515 (1980). Section 62.13(5)(i), STATS., the current incarnation of the legislature's attempt to provide expeditious and fair judicial review of discipline imposed on police and fire officers,

cific statute trumps a general statute. *Jendrzejewski*, 257 Wis. at 538, 44 N.W.2d at 272. Simply put, the legislature has made the circuit court's decision on a § 62.13(5)(i) appeal final—irrespective of whether an appellate court believes that decision is right or wrong. We may not circumvent § 62.13(5)(i)'s bar to our jurisdiction.[5] Accordingly, we dismiss the appeal.

## II.

As noted, Younglove contends that the trial court's review of the Board's factual findings, including its credibility determinations, should have been *de novo*. The dissent assumes that this is true, and cites 1993 Wis. Act 53, § 7 in support. As pertinent here, all § 7 did

---

*see State ex rel. Kaczkowski*, 33 Wis. 2d at 497, 148 N.W.2d at 48, has not overruled *Jendrzejewski v. Board of Fire and Police Commissioners*, 257 Wis. 536, 44 N.W.2d 270 (1950). Indeed, as material here, § 62.13(5)(i) is almost identical to the provision considered in *Jendrzejewski*: "If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to his pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive." *Id.*, 257 Wis. at 537, 44 N.W.2d at 271.

[5] Younglove does not ask us to exercise original jurisdiction; nor could he. We do not have "jurisdiction to entertain an original action unrelated to [our] supervisory or appellate authority over the circuit court." *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 97, 394 N.W.2d 732, 736 (1986). As noted in the main body of this opinion, the legislature has deprived us of appellate jurisdiction over circuit court orders issued under § 62.13(5)(i), STATS., that either affirm or reverse discipline imposed by boards of police and fire commissioners. *See Jendrzejewski*, 257 Wis. 536, 44 N.W.2d 270. Thus, as we point out in the main body of this opinion, we do not have jurisdiction to supervise the circuit courts unless that supervision is related to a matter over which we have jurisdiction.

138

was to amend § 62.13(5)(i), STATS., 1993–94, as follows: "The question to be determined by the [circuit] court shall be: Upon the evidence [before the board of police and fire commissioners] ~~was the order of the board reasonable~~ is there just cause, as described under par. (em), to sustain the charges against the accused?" (Deletions indicated by interlineation, additions by underlining, and bracketed material added for clarity.)[6] This requires the circuit court to ensure that the Board's decision is supported by the evidence that the Board found credible. The circuit court is not empowered to take evidence. Rather, if additional evidence or other material is needed, the circuit court is directed by

---

[6] Section 62.13(5)(em), STATS., provides:

No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable:

1.  Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.

2.  Whether the rule or order that the subordinate allegedly violated is reasonable.

3.  Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.

4.  Whether the effort described under subd. 3. was fair and objective.

5.  Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.

6.  Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.

7.  Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.

the statute to remand to the Board for that purpose: "The trial shall be by the [circuit] court and upon the return of the board, except that the [circuit] court may require further return or the taking and return of further evidence by the board." Section 62.13(5)(i), STATS. The changes to which the dissent points do not call for the circuit court to ignore credibility determinations made by the body that heard and saw the witnesses live, in favor of the *de novo* review of a cold transcript.

Reviewing tribunals defer to credibility determinations made by those who hear and see the witnesses because of the latter's "superior opportunity . . . to observe the demeanor of witnesses and to gauge the persuasiveness of their testimony." *Kleinstick v. Daleiden*, 71 Wis. 2d 432, 442, 238 N.W.2d 714, 720 (1976). *See also Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (Only tribunal that hears and sees the witnesses "can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."). Thus, where the legislature has provided for *de novo* review, its mandate is explicit *and encompasses the taking of testimony by the reviewing tribunal. See* § 767.13(6), STATS. ("Upon the motion of any party [review of a decision by a family court commissioner] shall include a new hearing on the subject of the decision, order or ruling."); § 799.207(5), STATS. ("A timely filing of a demand for trial [following decision by court commissioner hearing small-claims disputes] shall result in a new trial before the court on all issues between the parties."); § 800.14(4) & (5), STATS. (on appeal to circuit court from municipal court, the "appeal shall be based upon a review of the transcript of the [municipal court] proceedings," unless a party

140

timely requests "that a new trial be held in circuit court."); *see also* § 16.11(3)(n)4, STATS. (certain decisions of the Midwest Interstate Low-level Radioactive Waste Commission are reviewable *de novo* in U.S. District Court). It would have been anomalous for the legislature here to limit the taking of testimony to proceedings before the Board, yet to provide for *de novo* review of the Board's findings and credibility determinations based on the reviewing court's reading of a transcript of those proceedings. We believe that the current version of § 62.13(5)(i), STATS., like its predecessor, requires that the circuit court give deference to the Board's findings and credibility determinations in deciding whether "[u]pon the evidence" before the Board there was "just cause" under the listed criteria "to sustain the charges against" the officer. As phrased by the United States Supreme Court in another context, the proceeding before the Board is the " 'main event,' " not "a 'tryout on the road.' " *Anderson*, 470 U.S. at 575 (quoted source omitted).

*By the Court.*—Appeal dismissed.

WEDEMEYER, P.J. *(dissenting)*. I do not disagree with the majority's conclusion that the determination of the circuit court is "final and conclusive." Where I disagree with my respected colleagues is in the discharge of our supervisory responsibilities when circumstances are presented to us that warrant the execution of those responsibilities. As stated in *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 96, 394 N.W.2d 732, 736 (1986), "[t]he court of appeals has power to decide questions *publici juris* which are brought to it by appeal or which it considers under its supervisory jurisdiction."

When a trial court is reviewing the determination of a fire and police commission under § 62.13(5)(i), STATS., the standard of review as detailed in the statute[1] is to ensure the rights of people subject to the actions of a fire and police commission or a municipal committee serving in that capacity. It is important that if people subject to that jurisdiction wish to contest the determinations, that the proper standard of review is employed. If it is not, I believe there must be a remedy, and such is the case here. The record reflects the following comments by the reviewing trial court:

> [W]hen the petitioner enjoys a direct appeal right under section 62.13(5)(i), the scope of circuit court certiorari review is limited to the first two factors, whether the board had jurisdiction, and whether it acted under a correct view of the law.
>
> . . . .
>
> In this case, the responsibility and duty of the Fire and Police Commission was to listen to the evidence, to weigh the evidence, to determine whether or not in this case Ms. Neuhart was credible and whether they believed her, that these allegations were true. It is the peculiar responsibility of the Fire and Police Commission to determine the credibility of the witnesses and to weigh the

---

[1] Section 62.13(5)(i), STATS., provides in pertinent part: "The question [upon review] to be determined by the [circuit] court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused?"

It is significant to note that this section was recently amended to require the circuit court to conduct a *de novo* review. *See* 1993 Wis. Act 53, § 7. Prior to the amendment, the circuit court's review required the court to defer to the commission's decision because the standard stated the circuit court shall determine whether "the order of the board [was] reasonable." *See* § 62.13(5)(i), STATS. 1991–92.

evidence. The Commission stated that it recognized that the prosecution had the burden of proof in this case.

. . . .

There were many days of hearings. There were competent counsel on both sides. I'm sure the Police and Fire Commission of Oak Creek never thought it would get involved in a protracted piece of litigation such as this.

I think that the Fire and Police Commission upon remand applied the correct standard of law, and they did not shift the burden of proof. They weighed the credibility of the witnesses. They weighed the evidence.

*Whether this Court would have come to the same conclusion as the Police and Fire Commission did doesn't make any difference.* The only thing this Court has to do is determine whether there was just cause and whether the Commission gave the Chief a fair opportunity to be heard and represented its judgment and not its will. In all of those aspects I think the Police and Fire Commission now appropriately applied the correct standards and rules.

And therefore the judgment of the Police and Fire Commission is affirmed.

(Emphasis added.) This exposition reveals the circuit court's lack of clarity with respect to the proper standard of review by which it was bound. The circuit court failed to employ a *de novo* standard or conduct an independent review of the record to determine whether "just cause" existed to sustain the charges. Rather, it deferred to the commission. The change in the statute is of such significance that it necessitates this court's intervention in order to assist future litigants and reviewing courts. Accordingly, I would elect to exercise our supervisory jurisdiction to correct the circuit court in this case because it applied an improper standard of

review. I would remand the case to the circuit court with directions to consider the appeal subject to the proper standard of review.