IN RE the MARRIAGE OF:

Susan B. STULIGROSS, Petitioner-Respondent,

v.

Robert G. STULIGROSS, Respondent-Appellant.

Court of Appeals

*No. 2008AP311. Submitted on briefs December 2, 2008.
—Decided December 30, 2008.*

2009 WI App 25

(Also reported in 763 N.W.2d 241.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Robert G. Stuligross* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Robert C. Kupfer* of *Kupfer Law Offices, S.C.* of Kenosha.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Robert G. Stuligross appeals *pro se* from a trial court order denying his motion to overturn or modify an order by a family court commissioner amending an order for child support, finding Stuligross in contempt for failing to pay previously ordered attorney fees and costs, and ordering him to pay an additional $250 in attorney fees and costs associated with the most recent hearing before the family court commissioner. Stuligross argues that the trial court erroneously denied his request for a *de novo* hearing on the issues addressed in the family court commissioner's order. Alternatively, he argues that if he is not entitled to a *de novo* hearing, then the order should nonetheless be reversed because of other errors. We conclude that the plain language of WIS. STAT. § 757.69(8) (2005–06)[1] entitles Stuligross to a *de novo* hearing on all the issues addressed in the family court commissioner's order. Therefore, we reverse and remand with directions that a *de novo* hearing be conducted before the trial court. We do not consider the other issues Stuligross raises. *See Gross v. Hoffman,*

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).

## BACKGROUND

¶ 2. Stuligross and Susan B. Stuligross (now known as Susan L. Brunke) were divorced in 2003. In April 2007, Brunke filed a motion seeking: to have Stuligross found in contempt for failing to obey previous post-judgment orders; to amend the child support order; and to require Stuligross to contribute to Brunke's costs and attorney fees. The family court commissioner held a hearing and issued an order in Brunke's favor.

¶ 3. Stuligross timely filed a motion requesting a *de novo* hearing on the issues addressed in the family court commissioner's order,[2] pursuant to Wis. Stat. § 757.69(8), which provides:

> Any decision of a circuit court commissioner shall be reviewed by the judge of the branch of court to which the case has been assigned, upon motion of any party. *Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo.*

*Id.* (emphasis added). The parties appeared before the trial court on the date of the scheduled hearing. Because the court could not hear the matter that day, the parties discussed scheduling. In the course of that discussion, the court indicated that it did not intend to hear testimony, stating: "I will tell the parties before

---

[2] Stuligross also moved to stay the family court commissioner's order pending the hearing. That motion is not at issue on appeal and will not be addressed.

we give the new date [that] a de novo [hearing] means I review the decision of the court commissioner, I don't retry the case, so I don't know why people are going to be called as witnesses."

¶ 4. Stuligross objected, stating that he wanted a *de novo* review and indicating that the family court commissioner had not heard any evidence at the hearing. The trial court replied, "That's your problem," and stated again that it would not "retry[] the issue." The court explained:

> So you are going to basically argue your position and I will let you argue whatever you want so I don't know why I'm hearing that there's going to be witnesses because that's not going to happen. Everything that was done in front of the court commissioner is the record, everything that was put on as evidence, as witnesses he used to make the decision. So that's what I have to review.

¶ 5. Brunke's attorney told the trial court that he was unsure if the hearing was recorded,[3] and Stuligross asserted that the family court commissioner had taken no testimony. The trial court responded: "Then you will have to tell me what happened that day." The court reiterated that it would not allow Stuligross to call any witnesses, stating, "That's what should have been done in front of the court commissioner [be]cause I can't decide if his ruling was correct if you are going to present new evidence."

¶ 6. Prior to the rescheduled hearing, Stuligross filed a letter reiterating his request for a *de novo* hearing. He cited as authority for his request both WIS.

---

[3] On appeal, Brunke asserts that the hearing was recorded electronically, but acknowledges that no court reporter was present.

STAT. § 757.69(8) and KENOSHA COUNTY CIR. CT. CR. 05–8, which gives parties fifteen days "from the granting of a decision, order or ruling, by the Circuit Court Commissioner to seek a new hearing before the circuit court judge assigned to the case, pursuant to [§ 757.69(8)]." At the hearing Stuligross again raised the issue with the trial court. The court denied Stuligross's request, stating that it had reviewed the statute and concluded that "[t]here's nothing specifically in the statute requiring me to hold a new evidentiary hearing or hold an evidentiary hearing on a decision."

¶ 7. The hearing proceeded with Brunke's attorney and Stuligross offering argument on the issues. No transcript or audio recording of the hearing before the family court commissioner was provided to the trial court. However, Brunke's counsel told the court that although "there might not have been testimony" offered at the hearing before the family court commissioner, "there was evidence in the form of statements by the parties" and other income information that the family court commissioner was able to review. The trial court concluded that the family court commissioner had correctly calculated the new child support amount based on the parties' circumstances, and that Stuligross was in contempt. The trial court order directed Stuligross to pay, within thirty days, the $250 contribution toward attorney fees and costs that had been ordered by the family court commissioner.

¶ 8. The trial court's written order stated in relevant part:

IT IS HEREBY ORDERED

1. That [Stuligross's] motion to overturn or modify the decision and orders previously entered by the Court Commissioner as a result of a hearing held on 5/14/07 is denied.

349

2. That [Stuligross] shall pay to [Brunke's attorney] the sum of $250.00 as a contribution toward attorney's fees and costs (previously ordered) within thirty (30) days.

This appeal follows.

## DISCUSSION

¶ 9. The dispositive issue in this case is whether Stuligross was entitled to a *de novo* hearing before the trial court. Resolution of this issue requires interpretation of WIS. STAT. § 757.69(8). The interpretation of statutes is a question of law that this court reviews *de novo. State ex rel. Steldt v. McCaughtry*, 2000 WI App 176, ¶ 11, 238 Wis. 2d 393, 617 N.W.2d 201. Statutory interpretation " 'begins with the language of the statute.' " *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "If the meaning of the statute is plain, we ordinarily stop the inquiry" and apply that meaning. *Id.* "The context in which a statute appears is relevant to its plain meaning, as is the history of the statute revealed in prior versions of the statute and legislative amendments to the statute . . . [and] prior case law interpreting the statute." *Berkos v. Shipwreck Bay Condo. Ass'n*, 2008 WI App 122, ¶ 8, 313 Wis. 2d 609, 758 N.W.2d 215.

¶ 10. It is undisputed that Stuligross moved for a *de novo* hearing.[4] He cited WIS. STAT. § 757.69(8) and explicitly stated that he was "seek[ing] an opportunity to present evidence on his behalf" based on the follow-

_____

[4] Stuligross filed both the standard form FA-4130E "Motion for and Notice of New (De Novo) Hearing," as well as a four-page motion for a *de novo* hearing that outlined his disagreement with the family court commissioner's decision.

ing statutory language from § 757.69(8): "Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo."

■■

¶ 11. For the reasons outlined above, the trial court denied Stuligross's request to present testimony at the *de novo* hearing. On appeal, Brunke argues that "[t]he lack of any specific statutory format for a de novo hearing should be interpreted to grant discretion to the circuit court judge on how to conduct the de novo hearing." Brunke also asserts that the record of the hearing before the family court commissioner was "available and accessible" to the trial court. However, the appellate record does not contain an audio tape or transcript of the hearing before the family court commissioner. There is no indication in the transcript of the hearing before the trial court that the trial court reviewed a tape or transcript of the hearing before the family court commissioner. Rather, the court relied on the representations of the parties. In any event, our decision does not depend on whether a transcript or audio recording was made available to the trial court. For the reasons discussed below, we conclude that a party who requests a "hearing de novo" is entitled to a hearing that includes testimony from the parties and their witnesses, rather than simply a review of what occurred before the family court commissioner. *See* WIS. STAT. § 757.69(8).

■■■

¶ 12. The plain meaning of WIS. STAT. § 757.69(8), specifically the phrase "hearing de novo," required the trial court to afford Stuligross an opportunity to present testimony at the hearing. The commonly ac-

cepted meaning of a *de novo* hearing is "[a] new hearing of a matter, conducted as if the original hearing had not taken place." BLACK'S LAW DICTIONARY 738 (8th ed. 2004). A *de novo* hearing requires a fresh look at the issues, including the taking of testimony (unless the parties enter into stipulations as to what the testimony would be). The hearing is literally a new hearing, not merely a review of whatever record may have been made before the family court commissioner.

¶ 13. This is not the first time we have recognized that *de novo* hearings of a family court commissioner's decision require the taking of testimony. In *Younglove v. City of Oak Creek Fire and Police Comm'n*, 218 Wis. 2d 133, 140, 579 N.W.2d 294 (Ct. App. 1998), which involved the appeal of a discharged police officer, we explained that "where the legislature has provided for *de novo* review [of factual findings and credibility determinations], its mandate is explicit *and encompasses the taking of testimony by the reviewing tribunal." Id.* We cited as an example of legislative direction WIS. STAT. § 767.13(6) (1995–96),[5] a predecessor to WIS. STAT. § 757.69(8), that provided for " 'a new hearing on the subject of the decision, order or ruling' " where a party sought review of a family court commissioner's order. *See Younglove*, 218 Wis. 2d at 140 (quoting § 767.13(6) (1995–96)).[6]

---

[5] WISCONSIN STAT. § 767.13(6) (1995–96) provided in its entirety:

> REVIEW OF THE DECISIONS OF THE FAMILY COURT COMMISSIONER. Upon the motion of any party any decision of the family court commissioner shall be reviewed by the judge of the branch of the court to which the case has been assigned. Upon the motion of any party any such review shall include a new hearing on the subject of the decision, order or ruling.

[6] Even prior to *Younglove v. City of Oak Creek Fire and Police Comm'n*, 218 Wis. 2d 133, 579 N.W.2d 294 (Ct. App.

¶ 14. Here, Stuligross sought a "hearing de novo" pursuant to WIS. STAT. § 757.69(8). He is entitled, pursuant to that statute, to a fresh look at the issues,[7] based on testimony presented to the court, not the family court commissioner.[8] *See id.*; *see also Younglove*, 218 Wis. 2d at 140. For the foregoing reasons, we reverse the trial court order and remand for a *de novo* hearing.

*By the Court.*—Order reversed and cause remanded with directions.

---

1998), we held that a trial court "cannot rely exclusively on the proceedings before the assistant family court commissioner, as no record is made of that proceeding." *See Long v. Wasielewski*, 147 Wis. 2d 57, 61, 432 N.W.2d 615 (Ct. App. 1998). In this case, we do not rely on *Long*'s reasoning—that the lack of a record precludes reliance on the proceedings before the family court commissioner—because regardless of whether there is a recording or transcript of the hearing before the family court commissioner, WIS. STAT. § 757.69(8) clearly provides that a party is entitled to a *de novo* hearing.

[7] The issues as to which Stuligross is entitled to a *de novo* hearing before the trial court include not only the child support modification but also the contempt finding and attorney fees award.

[8] We do not suggest that the trial court is required to hear any and all testimony offered by either party. Trial courts have discretion to limit the introduction of evidence pursuant to the Wisconsin Rules of Evidence.