229 Wis.2d 433 (1999)
600 N.W.2d 1
James ANTISDEL, Plaintiff-Appellant,
v.
CITY OF OAK CREEK POLICE AND FIRE COMMISSION, City of Oak Creek Police Department and Acting Chief Thomas P. Bauer, Defendants-Respondents.[]
No. 97-3818.
Court of Appeals of Wisconsin.
Submitted on briefs February 2, 1999.
Decided July 20, 1999.
*434 On behalf of the plaintiff-appellant, the cause was submitted on the briefs of John F. Fuchs of Fuchs, Snow, O'Connell & DeStefanis, S.C., of Milwaukee.
On behalf of the defendants-respondents, the cause was submitted on the brief of Maria K. Myers of Davis & Kuelthau, S.C., of Milwaukee, and Lawrence J. Haskin of Haskin & Book, S.C., of Oak Creek.
Before Fine, Schudson and Curley, JJ.
FINE, J.
James Antisdel is a police officer employed by the City of Oak Creek. He joined the department in 1985. In March of 1996, Michael Younglove, then Oak Creek chief of police, promoted Antisdel to sergeant. A memorandum that Younglove sent to Antisdel on March 1, 1996, told him that he was "being promoted to the position of sergeant effective March 10, 1996." It also told Antisdel: "Upon completion of a one year probationary period, you will receive a permanent appointment as sergeant." In December of *435 1996, Thomas P. Bauer, who had succeeded to the chief-of-police position, demoted Antisdel to "police officer." Antisdel sought a "just cause" hearing under § 62.13(5)(em), STATS. The Oak Creek Police and Fire Commission refused to grant him one. Antisdel then sought review in the circuit court.[1] The trial court granted summary judgment to the defendants and dismissed Antisdel's action. Antisdel appeals. We reverse.
[1, 2]
Our review of a trial court's grant of summary judgment is de novo. See Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is to be granted if "there is no genuine issue as to any material fact" so that a party "is *436 entitled to a judgment as a matter of law." See RULE 802.08(2), STATS.; Green Spring Farms, 136 Wis. 2d at 315, 401 N.W.2d at 820. The parties do not contend that there are any genuine issues of fact material to this appeal. The only issue is whether the Board of Police and Fire Commissioners acted "under an incorrect theory of law" in denying Antisdel a hearing under § 62.13(5)(em), STATS. See Owens v. Board of Police & Fire Comm'rs, 122 Wis. 2d 449, 451, 362 N.W.2d 171, 173 (Ct. App. 1984) (explaining scope of review on certiorari). We conclude that it did.
Section 62.13(5)(em), STATS., provides:
No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable:
1. Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.
2. Whether the rule or order that the subordinate allegedly violated is reasonable.
3. Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.
4. Whether the effort described under subd. 3. was fair and objective.
5. Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.

*437 6. Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.
7. Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.
This statute is plain: "[n]o subordinate may be ... reduced in rank ... based on charges filed by ... the chief ... unless the board determines whether there is just cause ... to sustain the charges." Absent a constitutional infirmity, we must apply unambiguous statutes as they are written. Department of Natural Resources v. Wisconsin Power & Light Co., 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982); State v. Young, 180 Wis. 2d 700, 704, 511 N.W.2d 309, 311 (Ct. App. 1993), aff'd by an equally divided court, 191 Wis. 2d 393, 528 N.W.2d 417 (1995). The syllogism here is inescapable:
1) Antisdel is a "subordinate." See Kaiser v. Board of Police & Fire Comm'rs, 104 Wis. 2d 498, 503, 311 N.W.2d 646, 649 (1981) ("As used in the statute, [`subordinate'] is a generic term including all police officers.");
2) The defendants seek to "reduce[]" Antisdel "in rank" based on "charges" made (albeit, apparently, not formally "filed") "by ... the chief."
This they may not do unless the board of police and fire commissioners "determines ... there is just cause" for the proposed reduction in rank.
In attempting to avoid the statute's clear mandate, the defendants argue that Antisdel accepted his promotion with the understanding that he would be on *438 probation as a sergeant for the first year, and that this is the way the Oak Creek police department has routinely handled promotions within the force. Additionally, the defendants point out, the Wisconsin Supreme Court has recognized probationary employment as a valuable management tool. We discuss these contentions in turn.
[3]
There is no doubt but that, with one exception not material here, Oak Creek has routinely subjected police officers promoted to sergeant to a period of probation, and that Antisdel did not contest the "terms" of his promotion as explained to him in Younglove's memorandum. The defendants thus contend that Antisdel agreed, either explicitly or implicitly, to the probationary nature of the promotion. Agreements and practices that conflict with a statute, however, must give way; the statute controls. See State ex rel. Cooper v. Baumann, 231 Wis. 607, 286 N.W. 76 (1939) (practice in conflict with statute); Drivers, etc., Local No. 695 v. WERC, 121 Wis. 2d 291, 298, 359 N.W.2d 174, 177-178 (Ct. App. 1984) (contract in conflict with statute); Milwaukee Police Ass'n v. City of Milwaukee, 113 Wis. 2d 192, 196, 335 N.W.2d 417, 419 (Ct. App. 1983) (contract in conflict with statute). Although it is also true "that the use of a probationary period is an excellent means of examining candidates and is well-suited to securing the best service available," Kaiser, 104 Wis. 2d at 504, 311 N.W.2d at 649, the only statute authorizing probationary terms for law-enforcement officers is § 165.85(4)(b), STATS. Indeed, in Kaiser, it was § 165.85(4)(b) (and the collective-bargaining agreement recognizing that under § 165.85(4)(b) newly hired police officers are probationary employees) upon which the court relied in determining that Kaiser was a probationary *439 police officer and thus not entitled to a "just cause" hearing under § 62.13(5)(em). Kaiser, 104 Wis. 2d at 501-503, 505, 311 N.W.2d at 648-649, 650.[2]
[4]
There is no allegation that Antisdel's original appointment as an Oak Creek police officer did not satisfy § 165.85(4)(b), STATS. Once having cleared that hurdle, any promotion he received could not be taken away without the "just cause" hearing required by § 62.13(5)(em), STATS.[3] Any other rule would give to the appointing authority the limitless power to circumvent the "just cause" protection against arbitrary action the legislature created in § 62.13(5)(em) by simply making every promotion temporary or probationary or otherwise terminable at will.
*440 By the Court.Judgment reversed.
SCHUDSON, J. (concurring).
Should probationary hirees and probationary promotees have the same status for the purpose of determining whether they are entitled to "just cause" hearings under § 62.13(5)(em), STATS.? It may very well be, as the dissent opines, that "the benefits of probation apply with equal force" to hirees and promotees and, therefore, that Kaiser should extend to cover Antisdel's case. Whether that is so, however, may depend on myriad factors and policy considerations, not the least of which is whether a career officer would even accept a promotion if it were conditioned on the acceptance of a "probationary" status requiring the officer to relinquish "just cause" hearing rights or other contractual guarantees enjoyed by permanent employees. None of these factors has been presented for consideration in this appeal.
The dissent depends on a misreading of § 165.85(4)(e), STATS. The statute deals with "setting recruit training and employment standards which are higher than the minimum standards set by the board." See § 165.85(4)(e), STATS. (emphasis added). Literally and contextually, "recruit" modifies "employment standards." Therefore, § 165.85(4)(e), affecting only the training and employment of recruits, provides no support for the dissent's determined effort to locate a statutory basis that, under the guise of "higher ... standards," would deny "just cause" hearings to promotees.
Someday, perhaps, the legislature may decide to allow for the demotion of probationary promotees without "just cause" hearings. Or perhaps, someday, the supreme court will consider the policy arguments *441 about whether the reasoning of Kaiser should extend from hirees to promotees. Until that day, however, § 62.13(5)(em), STATS., clearly controls: "[n]o subordinate"no exceptions for probationary promotees"may be ... reduced in rank" without a "just cause" hearing.
Accordingly, I respectfully concur.
CURLEY, J. (dissenting).
The majority claims that Antisdel is entitled to a just cause hearing under § 62.13(5)(em), STATS. Although the majority opinion makes mention of the Kaiser case, the opinion concludes that only first-time hirees are subject to its holding that persons on probation are exempt from the operation of the statute. I disagree. The facts in this case present a logical extension of the Kaiser holding.
The majority opinion, quoting from Kaiser, notes the advantages derived by the citizenry when police departments utilize probationary periods. "There is no doubt that the use of a probationary period is an excellent means of examining candidates and is well-suited to securing the best service available. It enables the board to better evaluate a potential officer's skill and character." Kaiser, 104 Wis. 2d at 504, 311 N.W.2d at 649.
I believe the benefits of probation apply with equal force to Antisdel's situation. Kaiser was a probationary employee. Antisdel is a probationary promotee. Just as a period of probation may reveal the new recruit who does not possess the requisite skills and character to be a law enforcement officer, a period of probation may expose the newly-promoted police officer who does not possess the skills and character necessary to be an effective sergeant.
*442 Law enforcement officers play a unique role in our society. They are given enormous power and discretion. We should not discourage a police chief from dismissing, at the earliest possible time, a promotee whose performance is substandard. The legislature found law enforcement work, in § 165.85(1), STATS., to be of such importance that it established a law enforcement standards board. In § 165.85(1), the legislature gave its reasons for doing so.
(1) FINDINGS AND POLICY. The legislature finds that the administration of criminal justice is of statewide concern, and that law enforcement work is of vital importance to the health, safety and welfare of the people of this state and is of such a nature as to require training, education and the establishment of standards of a proper professional character. The public interest requires that these standards be established and that this training and education be made available to persons who seek to become law enforcement, tribal law enforcement, jail or secure detention officers, persons who are serving as these officers in a temporary or probationary capacity and persons already in regular service.
This preamble also makes clear that the legislature is not only concerned with the training of new recruits, but also expects "persons ... already in regular service" to receive training. The majority, in dismissing the holding of Kaiser, reads Chapter 165 and the law enforcement standards board duties too narrowly. This legislation is intended to encompass all law enforcement training, not only that of recruits. Although much of the chapter devotes itself to recruit training, the statutes charge the law enforcement standards *443 board with additional duties which are outlined in § 165.85(3)(d), STATS.:
(3) POWERS. The board may:
. . . .
(d) Establish minimum curriculum requirements for preparatory courses and programs, and recommend minimum curriculum requirements for recertification and advanced courses and programs, in schools operated by or for this state or any political subdivision of the state for the specific purpose of training law enforcement recruits, law enforcement officers, tribal law enforcement recruits, tribal law enforcement officers, jail officer recruits, jail officers, secure detention officer recruits or secure detention officers in areas of knowledge and ability necessary to the attainment of effective performance as an officer, and ranging from traditional subjects such as first aid, patrolling, statutory authority, techniques of arrest and firearms to subjects designed to provide a better understanding of ever-increasing complex problems in law enforcement such as human relations, civil rights, constitutional law and supervision, control and maintenance of a jail or secure detention facility.
(Emphasis added.)
Further, while the supreme court in Kaiser found that § 165.85(4)(b), STATS., authorized the police department to exempt Kaiser from the requirement of a hearing under § 62.13(5)(em), STATS., because he was a probationary recruit, I find § 165.85(4)(e) to be the statutory equivalent that authorized the Oak Creek Police Department to require a one-year probationary period for promotees. Section 165.85(4)(e) provides: "(4) REQUIRED STANDARDS. . . . (e) This section does not preclude any law enforcement or tribal law enforcement *444 agency or sheriff from setting recruit training and employment standards which are higher than the minimum standards set by the board." (Emphasis added.)
Thus, I conclude that the Oak Creek police chief could require a one-year probationary period for promotees and he could demote Antisdel without providing him with a just cause hearing during his probationary period. Further, like Kaiser, Antisdel had no more than a unilateral expectation of fulfilling the year's probation and becoming a permanent sergeant. See Kaiser, 104 Wis. 2d at 505, 311 N.W.2d at 650. Consequently, Antisdel had no due process right to a hearing.
Moreover, I believe the labor agreement between the City of Oak Creek and the police union also justifies the decision not to hold a just cause hearing under § 62.13(5)(em), STATS. The labor agreement, in effect, stated:
For the first year of his or her employment, each employee shall be on probation.... During the probationary period, the probationary employee may be disciplined, discharged or otherwise dismissed at the sole discretion of the City, and neither the reason for nor the disciplinary action, discharge or dismissal shall be subject of a grievance or arbitration filing. This agreement shall apply to such employees in all other respects.
As applied to Antisdel, I interpret this language to mean "in the first year of his employment as a sergeant." Consequently, Antisdel's belated request for a hearing was properly denied because he was a probationary promotee in the first year of his employment as a sergeant and not entitled to a hearing.
*445 For these reasons, I would affirm the trial court.
NOTES
[] Petition to review granted.
[1] Antisdel sought judicial review by filing in the circuit court a document that he designated "notice of review" (uppercasing omitted), which stated that it was filed "pursuant to Sec. 62.13(5)(i), Wis. Stats." This statute permits "[a]ny person ... reduced" by a board of police and fire commissioners to "appeal from the order of the board to the circuit court." Antisdel was not, however, reduced in rank by the Oak Creek Board of Police and Fire Commissioners; he was reduced in rank by Bauer, Oak Creek's chief of police. The Board denied Antisdel the "just cause" hearing required by § 62.13(5)(em), STATS. Although Antisdel filed another action in the circuit court seeking specifically a writ of mandamus directing the Board to give him a "just cause" hearing under § 62.13(5)(em), the parties and the circuit court in this case have treated Antisdel's notice of review as seeking an order directing the Board to grant Antisdel his requested hearing. Although we do not decide this issue, we, as did the parties and the circuit court, view Antisdel's notice of review as, in effect, seeking certiorari and mandamus relief, inasmuch as these avenues of judicial review may also be used by a police officer aggrieved by some disciplinary action. See Owens v. Board of Police & Fire Comm'rs, 122 Wis. 2d 449, 451, 362 N.W.2d 171, 172 (Ct. App. 1984).
[2] Section 165.85(4)(b), STATS., provides, as material here:

1. No person may be appointed as a law enforcement ... officer, except on a temporary or probationary basis, unless the person has satisfactorily completed a preparatory program of law enforcement training approved by the board and has been certified by the board as being qualified to be a law enforcement ... officer.
[3] The defendants contend, and the Dissent agrees, that because § 165.85(4)(e), STATS., does not prohibit "any law enforcement ... agency ... from setting recruit training and employment standards which are higher than the minimum standards set by the [law enforcement standards] board" the City of Oak Creek could condition promotion on an initial probationary period and could thus demote Antisdel without a "just cause" hearing. We disagree. It is not standards set by the law enforcement standards board that permit the discharge of probationary police officers without a "just cause" hearing required by § 62.13(5)(em), STATS.it is the statute: § 165.85(4)(b), STATS. See Kaiser v. Board of Police & Fire Comm'rs, 104 Wis. 2d 498, 502-503, 311 N.W.2d 646, 649 (1981) (police officer not "entitled to the procedures" set out in § 62.13(5) because § "165.85(4)(b) limited his hiring as a probationary officer").