IN RE the DISCIPLINE OF David BIER, Rock County Deputy Sheriff:

PUBLIC SAFETY AND JUSTICE COMMITTEE of the ROCK COUNTY BOARD OF SUPERVISORS, Plaintiff-Appellant,

v.

ROCK COUNTY SHERIFF Howard ERICKSON, and David Bier, Defendants-Respondents.

Court of Appeals

*No. 97–1621. Submitted on briefs December 16, 1997.—Decided May 14, 1998.*

(Also reported in 582 N.W.2d 742.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert G. Krohn* of *Roethe, Krohn & Pope* of Edgerton.

On behalf of the defendant-respondent, David Bier, the cause was submitted on the briefs of *Gordon E. McQuillen* of *Cullen, Weston, Pines & Bach* of Madison.

On behalf of the defendant-respondent, Sheriff Howard Erickson, the cause was submitted on the briefs of *Thomas A. Schroeder* of the *Rock County Corporation Counsel* of Janesville.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J. On March 4, 1997, the Public Safety and Justice Committee of the Rock County Board of Supervisors (committee) demoted Deputy Sheriff David Bier from detective to deputy and suspended him for ten days without pay. Bier appealed that determination to the circuit court pursuant to § 59.26(8)(b)6, STATS. The circuit court sustained the ten-day suspension, but reversed the demotion. The committee appeals. We dismiss the appeal because we conclude that we lack jurisdiction to review the circuit court's order.

## BACKGROUND

On December 1, 1996, Rock County Deputy Sheriff David Bier consumed alcoholic beverages at a tavern

from approximately 11:00 a.m. to 6:00 p.m. He was off duty at the time. After leaving the tavern between 6:15 and 6:30 p.m., Bier drove his car over a curb at an intersection and struck a utility pole, a house, and a gas grill. Bier left the scene and delayed reporting the accident until approximately 8:20 p.m., at which time he refused to disclose his location. Bier was ultimately found guilty of driving too fast for conditions.

The county sheriff filed a complaint against Bier with the Public Safety and Justice Committee, alleging that Bier's actions violated sheriff's department policies and procedures. The sheriff proposed that Bier be suspended for ten days without pay, and the sheriff and Bier stipulated that the proposed discipline reasonably related to the seriousness of Bier's conduct. After a hearing, the committee determined that there was just cause to discipline Bier, but that the proposed discipline did not reasonably relate to the seriousness of the rules violations and to Bier's record of service with the sheriff's department. Accordingly, the committee ordered that Bier be demoted from detective to deputy in addition to ordering that he be suspended for ten days without pay.

Bier appealed the committee's order to the circuit court pursuant to § 59.26(8)(b)6, STATS. The circuit court stated that it could not find "that the proposed discipline reasonably relates to the seriousness of the alleged violations." The court found that "there's no reasonable relationship to the decision of the committee to demote." Accordingly, the court determined that there was not just cause to sustain the charges against Bier. Based on its determination, the circuit court reversed the committee's decision to demote Bier, but sustained the committee's decision to suspend Bier for ten days without pay.

The committee appealed from the circuit court's order. After briefing was complete, we ordered the parties to file supplemental briefs on the issue of whether the court of appeals had jurisdiction over the appeal.

## DISCUSSION

Bier appealed the committee's order to the circuit court pursuant to § 59.26(8)(b)6, STATS., which states in relevant part:

> The accused may appeal from the order to the circuit court . . . . The question to be determined by the court shall be: "Upon the evidence is there just cause, as described under [§ 59.26(8)(b)5m], to sustain the charges against the accused?". . . If the order of the committee is reversed, the accused shall be forthwith reinstated and entitled to pay as though in continuous service. If the order of the committee is sustained it shall be final and conclusive.

Section 59.26(8)(b)6, STATS., is substantially equivalent to § 62.13(5)(h), STATS., 1949, which the supreme court construed in *Jendrzejewski v. Board of Fire & Police Comm'rs*, 257 Wis. 536, 44 N.W.2d 270 (1950).[1] In *Jendrzejewski*, the Board of Fire and Police Commissioners of Milwaukee sustained the police

---

[1] The statute at issue in *Jendrzejewski* read:

Any person suspended, reduced, suspended and reduced, or removed after investigation may appeal from the order to the circuit court . . . . The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable?. . . If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to his pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive.

*See Jendrzejewski v. Fire & Police Comm'rs*, 257 Wis. 536, 537, 44 N.W.2d 270, 271 (1950) (alterations in original).

chief's decision to discharge a police officer, and the officer appealed the discharge to the circuit court pursuant to § 62.13(5)(h). *Id.* at 536–37, 44 N.W.2d at 271. The circuit court reversed the board's decision, and the board appealed to the supreme court. *Id.* at 536, 44 N.W.2d at 271.

■

The supreme court concluded that it lacked jurisdiction over the appeal. The court reasoned that § 62.13(5)(h), STATS., 1949:

> provide[s] only for a limited review of the disciplinary orders of boards of fire and police commissioners. A complete review, such as is provided from the determinations of most tribunals, boards, and commissions, is not provided for. Every provision of the law indicates a legislative intent to make the entire proceeding as speedy as possible and that the order of the circuit court upon the reasonableness of the determination of the commissioners be final and conclusive.
>
> It follows, therefore, that in this case no appeal to this court is authorized and this court is without jurisdiction to pass upon the other questions attempted to be raised by the board.

*Id.* at 539, 44 N.W.2d at 272.

We find no language in § 59.26(8)(b)6, STATS., that would lead us to a different result. Accordingly, we follow *Jendrzejewski* and conclude that we lack jurisdiction over the committee's appeal from the circuit court's order.

The committee argues that the "final and conclusive" language of § 59.26(8)(b)6, STATS., applies only when the committee's order remains unmodified. The committee contends that the circuit court's order is not

"final and conclusive" because it sustained Bier's suspension, but reversed his demotion.

We do not agree that the circuit court "modified" the committee's order for purposes of the statute. Rather, the circuit court's order had the effect of sustaining the committee's order in part and reversing it in part. Both the circuit court's decision to sustain the suspension and to reverse the demotion are "final and conclusive" decisions that are not subject to appeal. *See Younglove v. Oak Creek Fire & Police Comm'n*, 218 Wis. 2d 133, 136, 579 N.W.2d 294, 295 (Ct. App. 1998) (circuit court order sustaining board's disciplinary action is "final and conclusive"); *Jendrzejewski*, 257 Wis. at 537, 539, 44 N.W.2d at 271–72 (circuit court order reversing board's disciplinary action is "final and conclusive").

Although we lack jurisdiction over a direct appeal from the circuit court order, we do have the authority to grant a petition for a supervisory writ when the circuit court exceeds the limits of its statutory review powers. *See Slawinski v. Milwaukee City Fire & Police Comm'n*, 212 Wis. 2d 777, 798–818, 569 N.W.2d 740, 748–55 (Ct. App. 1997). The committee requests that we construe this appeal as a request for a supervisory writ.

It would be contrary to the legislative intent behind § 59.26(8)(b)6, STATS., to liberally construe the committee's appeal as something that it is not—a petition for a supervisory writ. The legislative intent behind § 59.26(8)(b)6 is two-fold: to make the circuit court's order final and conclusive, and to make the entire proceeding as speedy as possible. *See Jendrzejewski*, 257 Wis. at 539, 44 N.W.2d at 272. Con-

struing the committee's appeal as a petition for a supervisory writ would interfere with the finality of the circuit court's order. Because it is contrary to legislative intent to construe this appeal as a request for a supervisory writ, we may not do so.[2]

*By the Court.*—Appeal dismissed.

---

[2] The committee also asks that we grant its motion to file a request for a supervisory writ. We have already indicated to the committee in a March 17, 1998 order that "prior permission from this court is not necessary to file a supervisory writ petition under RULE 809.51, STATS." If the committee wishes to file a petition for a supervisory writ, there is no procedural rule stopping it from doing so. However, we observe that one of the requirements for the issuance of a supervisory writ is that the request for relief was promptly and speedily made. *See State ex rel. Dressler v. Circuit Court*, 163 Wis. 2d 622, 630, 472 N.W.2d 532, 536 (Ct. App. 1991).