WAUKESHA COUNTY, Plaintiff-Respondent,†

v.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,
Defendant,

WISCONSIN PROFESSIONAL POLICE ASSOCIATION,
Defendant-Appellant.

Court of Appeals

*No. 2013AP375. Submitted on briefs October 15, 2013.
—Decided January 15, 2014.*

2014 WI App 20

(Also reported in 844 N.W.2d 385.)

† Petition for Review denied May 22, 2014.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Roger W. Palek*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Nancy L. Pirkey* of *Buelow Vetter Olson Buikema & Vliet, LLC*, Waukesha.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J. The Wisconsin Professional Police Association appeals a circuit court declaratory judgment holding that a Waukesha County sheriff's deputy dismissed from employment by a sheriff's grievance committee may appeal the dismissal only to the circuit court, pursuant to Wis. Stat. § 59.26 (2011–12).[1] The Association contends the matter is not justiciable because the dismissal decision must first go to arbitration and therefore is not ripe for judicial determination. More substantively, it argues that, pursuant to the Wisconsin Supreme Court's decision in *Eau Claire County v. General Teamsters Union Local No. 662*, 2000 WI 57, 235 Wis. 2d 385, 611 N.W.2d 744 (hereinafter *Eau Claire Cnty.*), and a collective bargaining agreement (CBA) between the County and the Association, the deputy not only has the statutory option of a circuit court appeal, but also must be permitted the alternative of seeking arbitration of the dismissal decision under the terms of the CBA. We conclude that this declaratory judgment action is justiciable; however, because we agree with the Association that *Eau Claire Cnty.* applies and we are bound by it, we reverse.

## BACKGROUND

¶ 2. The parties stipulated to the facts underlying this appeal. The County and the Association entered into a CBA which covers standards and procedures relating to discipline, demotion, and dismissal of sheriff's deputies, including a grievance procedure. The grievance procedure provides that questions concerning application of the CBA are subject to arbitration. The

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

CBA further provides that "[i]n cases ... for proper cause, this [grievance] procedure shall be followed insofar as it is consistent with [Wis. Stat. §] 59.2[6](8)(b)."[2]

¶ 3. Pursuant to Wis. Stat. § 59.26(8)(b), the County established a grievance committee to decide personnel matters related to the suspension, demotion, or dismissal of deputies. In November 2011, the sheriff filed charges with the grievance committee seeking dismissal of a deputy. The committee held an evidentiary hearing and on January 31, 2012, issued a written decision dismissing the deputy.

¶ 4. On or about February 1, 2012, the Association notified the County of its intent to file a grievance pursuant to the CBA procedures. The County informed the Association that it was its position that Wis. Stat. § 59.26(8)(b), not the CBA, controlled; that pursuant to that statutory provision, the deputy's only means of redress was appeal to circuit court; and that it would not accept the grievance. The Association filed a prohibited practice complaint with the Wisconsin Employment Relations Commission (WERC) contending the County violated the CBA by refusing to process the Association's grievance. The County then filed this declaratory judgment action. The circuit court granted the County's request for declaratory judgment, ordered the Association to withdraw its grievance, and further ordered WERC to dismiss the prohibited practice complaint.[3] The Association appeals. Additional facts are included as necessary.

---

[2] The parties acknowledge that the CBA references the out-of-date statute number, Wis. Stat. § 59.21(8)(b), and that the proper reference is to Wis. Stat. § 59.26(8)(b). We use the proper statutory reference throughout this opinion.

[3] Proceedings before WERC are stayed pending resolution of the County's declaratory judgment action.

## DISCUSSION

*Justiciability*

■

¶ 5.   As a threshold matter, the Association argues that the circuit court erred when it concluded that this declaratory judgment action is justiciable. It asserts that the determination of whether arbitration under the CBA is available as an alternative to appeal of the grievance committee's decision to circuit court is a question that must be first addressed by an arbitrator and not a court; that is, that the issue raised in the County's request for declaratory judgment is substantively arbitrable, and therefore not ripe for court adjudication at this time. We disagree.

■

¶ 6.   A circuit court can ' "exercise . . . discretion to entertain and decide an action for declaratory relief' only when there is a 'justiciable controversy.' " *Wisconsin Educ. Ass'n Council v. Wisconsin State Elections Bd.*, 2000 WI App 89, ¶ 9, 234 Wis. 2d 349, 610 N.W.2d 108 (quoting *Loy v. Bunderson*, 107 Wis. 2d 400, 409, 320 N.W.2d 175 (1982)). Our supreme court has enunciated four standards for determining whether there is a justiciable controversy:

> (1)  . . . [A] controversy in which a claim of right is asserted against one who has an interest in contesting it.

> (2) The controversy must be between persons whose interests are adverse.

> (3) The party seeking declaratory relief must have a legal interest in the controversy—that is to say, a legally protectible interest.

711

(4) The issue involved in the controversy must be ripe for judicial determination . . . .

*Id.* (citation omitted).

¶ 7. The Association concedes that factors one through three have been met, but argues that this matter is not ripe for judicial determination because the grievance procedure in the CBA calls for arbitration of the dismissal decision and an arbitrator has not yet ruled on it. The County argues that this matter involves the interpretation of a statute, not a collective bargaining agreement, a matter for a court not an arbitrator, and further, that because the CBA by its language allows use of the grievance procedure "insofar as [the procedure] is consistent · with [WIS. STAT. §] 59.2[6](8)(b)," the issue requires harmonization of a statute and the CBA, a function for a court not an arbitrator. We agree with the County.

¶ 8. Under the express terms of the CBA, a deputy's method of challenging a disciplinary or dismissal decision is under the CBA's grievance procedure but *only* "insofar as it is consistent with" WIS. STAT. § 59.26(8)(b). The precise issue before us is whether § 59.26(8)(b) provides that appeal to circuit court is the exclusive means of redress for the deputy following the grievance committee's dismissal decision or whether the statute also affords the deputy the option, pursuant to the CBA, of filing a grievance and seeking arbitration. This requires interpretation of a statute and harmonization of the CBA with that statute, court functions. *See Brown Cnty. v. WERC*, 2007 WI App 247, ¶¶ 7, 11, 306 Wis. 2d 213, 742 N.W.2d 916. Accordingly, this matter is ripe for judicial determination.

## Declaratory Judgment

¶ 9.   As noted, at issue is the interplay between the statutory scheme set forth in Wis. Stat. ch. 59 and provisions of the subject CBA. We review both the circuit court's interpretation of a statute and of a collective bargaining agreement de novo. *State v. Jensen*, 2010 WI 38, ¶ 8, 324 Wis. 2d 586, 782 N.W.2d 415; *Milwaukee Police Ass'n v. Hegerty*, 2005 WI 28, ¶ 11, 279 Wis. 2d 150, 693 N.W.2d 738.

¶ 10.   The Association argues that the Wisconsin Supreme Court in *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 42, "conclusively determined" that appeal to circuit court is not the exclusive remedy for challenging the dismissal of a deputy. Accordingly, under the doctrine of stare decisis, it contends we must reverse the circuit court's decision. The County counters that *Eau Claire Cnty.* interpreted a different statute than the one at issue here, and therefore that decision is not binding precedent. Based on our review of the supreme court's decision, we must agree with the Association.

¶ 11.   In *Eau Claire Cnty.*, the supreme court examined the relationship between Wis. Stat. § 59.52(8)(c) and grievance provisions of a collective bargaining agreement. *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 1. Section 59.52(8)(c) provides in relevant part:

> If a law enforcement employee of the county is dismissed, demoted, [or] suspended . . . by the civil service commission or the board . . . the [employee] . . . *may appeal* from the order of the civil service commission or the board *to the circuit court* by serving written notice of the appeal . . . within 10 days after the order is filed. (Emphasis added.)

The provision is substantially similar to the statutory

713

language relevant to the case before us in Wis. Stat. § 59.26(8)(b)6.: "The accused *may appeal* from the order [of the grievance committee suspending, demoting, or dismissing him or her] *to the circuit court* by serving written notice of the appeal ... within 10 days after the order is filed." (Emphasis added.) Section 59.52(8)(c) applies where a county has established a civil service commission to act on charges seeking suspension, demotion, or dismissal of a county law enforcement employee, including sheriff's deputies, and § 59.26(8)(b)6. applies where a county has established a grievance committee to act on such charges against a deputy. *See* §§ 59.26(8), 59.52(8); *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 5 & n.2.

¶ 12.   In its analysis, the supreme court in *Eau Claire Cnty.* specifically addressed the "may appeal ... to the circuit court" language, noting Wis. Stat. § 59.52(8)(c) "provides that if a civil service commission ([t]here the Eau Claire County Board Committee on Personnel) orders a county law-enforcement employe to be dismissed, demoted, [or] suspended ..., the employe 'may' appeal the order to the circuit court." *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 9. The court stated that "[t]he word 'may' connotes ... either that other avenues of appeal are available or that appeal to the circuit court is within the discretion of the aggrieved employe." *Id.*, ¶ 9. The court declared that

[n]owhere in Wis. Stat. § 59.52(8)(c) does the legislature explicitly state that the statutory appeal procedure to the circuit court is the exclusive remedy available to a county law-enforcement employe to challenge an order of [the civil service commission] or that § 59.52(8)(c) supersedes grievance procedures, includ-

714

> ing arbitration, provided by the applicable collective
> bargaining agreement for settlement of such disputes.

*Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 10. The court agreed with the court of appeals in that case that "it is difficult to conceive that the legislature would enact a statute directly in contravention of this state's announced public policy [favoring arbitration] without using specific explicit language to do so. Such a dramatic change in public policy should not have to be made by inference." *Id.*, ¶ 17. It further stated, "the legislature's failure to declare explicitly that WIS. STAT. § 59.52(8)(c) is the exclusive remedy to challenge a dismissal order demonstrates a legislative intent of non-exclusivity." *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 17.

¶ 13. The *Eau Claire Cnty.* court analyzed the composition of civil service commissions allowed by WIS. STAT. § 59.52, as well as the procedural protections afforded employees. *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶¶ 29–39. The court placed substantial weight on the fact that the county was a party to the collective bargaining agreement and § 59.52(8) allowed for a civil service commission composed entirely of county board members, not just disinterested members of the public. *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶¶ 4, 33–34. The court agreed with the union's argument that the county board "appear[ed] to have an interest in the dispute and [was] at the same time the decision-maker under the statute." *Id.*, ¶¶ 33–34. The court concluded that the legislature "may very well have decided that a county law-enforcement employe should be given the choice of having a circuit court review the existence of 'just cause' on the paper record made by the civil service commis-

sion or having a disinterested arbitrator make a decision after hearing the facts." *Id.*, ¶ 35.

¶ 14.   In addressing the *Eau Claire Cnty.* decision, both the County and the circuit court here considered it significant that the actual makeup of the grievance committee which acted to dismiss the deputy in this case included no county board members. However, the *Eau Claire Cnty.* court made clear that it is not the particular makeup of any given commission or committee at a particular time that matters, rather, it is the makeup which "could have" existed under the statute which is determinative. *See id.*, ¶¶ 32, 34 (focusing not on the actual composition of the civil service commission that dismissed the deputy but on the fact that "[u]nder Wis. Stat. § 59.52(8)(a), the [county board] *could have* designated itself as the civil service commission [and that t]herefore the County Board *could have* decided under Wis. Stat. § 59.52(8)(b) whether 'just cause' exists to dismiss [the deputy]" (emphasis added)). Likewise, in the present case, while the actual makeup of the grievance committee may have included no county board members when it heard the deputy's case, under Wis. Stat. § 59.26(8)(b), the committee *could have* been composed entirely of county board members. *See* § 59.26(8)(b)1. ("The committee may be made up of members of the [county] board or other electors of the county, or both."). In light of the *Eau Claire Cnty.* decision, the grievance committee cannot be viewed as a disinterested party.

¶ 15.   The *Eau Claire Cnty.* court also considered the procedures for deciding disputes under Wis. Stat. § 59.52(8)(b), pointing out that that provision "does not explicitly require that a hearing be held or that the

716

county law-enforcement employe may be represented at a hearing by an attorney and may call witnesses."[4] *Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 37. The court again concluded that

> the legislature may very well have decided that a county law-enforcement employe should be given the choice of having a circuit court review the existence of 'just cause' on the paper record made by the civil service commission or having a disinterested arbitrator make a decision after hearing the facts.

*Id.*, ¶ 38.

¶ 16.    Differing from Wis. Stat. § 59.52(8)(b), Wis. Stat. § 59.26(8)(b) does require a hearing before the grievance committee, if the deputy requests one. *See* § 59.26(8)(b)3. And, though we do not decide the matter, we note that while § 59.26(8)(b)3. also states that the committee "may" take testimony at the hearing, that "may" may be mandatory if the deputy requests that testimony be taken, in that the next sentence requires the chair of the committee to issue subpoenas "for the attendance of such witnesses as may be requested by the accused." Like § 59.52, however, § 59.26(8)(b) fails to state that the deputy has the right to be represented by an attorney. Considering

---

[4] Although the *Eau Claire Cnty.* court did not note it, we observe that while Wis. Stat. § 59.52(8)(b) does not explicitly require a civil service commission to hold a hearing, language in subsection (c) suggests the legislature expected it. Subsection (c) states:   "Within 5 days after receiving written notice of the appeal, the commission or the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes." The provision further states that, in reviewing the matter, "the court may require further return or the taking and return of further evidence by the board or the commission." *Id.*

committee/commission makeup and procedural similarities between § 59.26(8)(b) and § 59.52(8)(b), the minimal procedural differences between the two provisions are not significant enough to allow us to diverge in good faith from the precedent of *Eau Claire Cnty.*

¶ 17. The County directs us to our decision in *City of Janesville v. WERC*, 193 Wis. 2d 492, 535 N.W.2d 34 (Ct. App. 1995), pointing to similarities between protections afforded police officers under WIS. STAT. § 62.13(5) and those afforded deputies under WIS. STAT. § 59.26(8)(b). The County explains that our decision in that case held that the appeals procedure in § 62.13(5) (1991–92) was the sole procedure for challenging a police and fire commission's disciplinary order and that the CBA could not change that procedure. It argues that we should apply that holding to the facts here. We disagree. To begin, in *City of Janesville* we never analyzed the determinative "may appeal . . . to the circuit court" language in § 62.13(5)(i),[5] which language is parallel to the language in § 59.26(8)(b)6. at issue in this case. By contrast, the supreme court in *Eau Claire Cnty.* did analyze this parallel language in WIS. STAT. § 59.52(8)(c), and in fact did so while specifically distinguishing the case before it from our holding in *City of Janesville. Eau Claire Cnty.*, 235 Wis. 2d 385, ¶¶ 9, 27–39. Second, the *Eau Claire Cnty.* court made clear the significance it placed on a dismissed deputy's opportunity to have his disciplinary action heard by a neutral decision maker. The *Eau Claire Cnty.* court specifically distinguished the case before it from *City of Janesville*

---

[5] The relevant language from WIS. STAT. § 62.13(5)(i) reads: "Any person suspended, reduced . . . or removed by the [Police and Fire Commission] may appeal from the order . . . to the circuit court by serving written notice of the appeal . . . within 10 days after the order is filed."

in large part because members of a police and fire commission are citizens appointed by a mayor, *see* § 62.13(1), whereas in the civil service commission context, the relevant statute permits county board members to serve as the commission. *See Eau Claire Cnty.*, 235 Wis. 2d 385, ¶ 35. Accordingly, and as already noted, this case more closely parallels *Eau Claire Cnty.* because county board members can also comprise a grievance committee.

¶ 18.   While we are concerned that our holding affords "two bites at the apple" and results in what could be viewed as a waste of resources, the *Eau Claire Cnty.* court also addressed this issue.

> [The county] argues that the legislature could not have intended to waste resources by giving county law-enforcement employes a hearing before [the civil service commission] and a new fact-finding process by an arbitrator. As we stated previously, the legislature might have concluded that a new fact-finding process should be available when the statute does not mandate a hearing before a neutral body.

*Id.*, ¶ 40. In our case—the grievance committee context —Wis. Stat. § 59.26(8)(b) does mandate a hearing when requested by the deputy, but not before a neutral body. As the circuit court itself observed, "the courts are very, very concerned that an accused deputy would be able to receive a fair and impartial hearing." *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997), dictates that our "two bites of the apple" concerns must take a back seat to the *Eau Claire Cnty.* court's ultimate interpretation of the appeal language of Wis. Stat. § 59.52(8)(c), which, for all practical purposes, reads the same as the appeal language in § 59.26(8)(b)6. *See also Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶¶ 54–58, 324 Wis. 2d

719

325, 782 N.W.2d 682. Were the interpretation of the language in § 59.26(8)(b)6. truly a matter of first impression, we likely would interpret the plain language differently than how the *Eau Claire* court interpreted the nearly identical language in § 59.52(8)(c). This is not, however, truly a matter of first impression.

¶ 19. For the foregoing reasons, we conclude that use of the grievance procedure in the CBA is "consistent with" WIS. STAT. § 59.26(8)(b) because, following *Eau Claire Cnty.*, that statutory provision allows the dismissed deputy to choose to appeal the order of the grievance committee to circuit court or utilize the grievance procedure in the CBA. Therefore, we reverse the declaratory judgment and remand for entry of judgment in favor of the Association and dismissing the County's complaint.

*By the Court.*—Judgment reversed and cause remanded with directions.